[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-12215
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 1, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00396-CR-T-24-TBM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE THOMAS BARRIERA-VERA,
a.k.a. Daniel Melendez-Rodriguez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 1, 2009)

Before CARNES, HULL and MARCUS, Circuit Judges.

PER CURIAM:

After a jury trial, Jose Thomas Barriera-Vera appeals his sentences for: (1) a

June 2, 2006 bank robbery, (2) possessing and brandishing a firearm during that June 2 crime of violence, (3) a June 28, 2006 attempted bank robbery, and (4) attempted use of a firearm during that June 28 crime of violence.  After review, we affirm.

## I.  BACKGROUND

### A.    Offense Conduct

On June 2, 2006, Barriera-Vera robbed the Florida Central Credit Union in Brandon, Florida.  Barriera-Vera was wearing a Tampa Bay Buccaneers red, white and black mask, hat and gloves.  During the robbery, Barriera-Vera took out a nine-millimeter semiautomatic handgun, pointed it at the teller and told her to fill a duffle bag with money.  As the teller did so, Barriera-Vera pointed the handgun at the bank manager and another employee, demanding that they come out of the office and into the lobby.  After he had a second teller fill the duffle bag with additional cash, Barriera-Vera fled in a white van.

On June 28, 2006, an anonymous caller informed authorities that Barriera-Vera committed the June 2 robbery.  The caller said that Barriera-Vera was currently in the parking lot of a Wachovia Bank in Lakeland, Florida, that he planned to rob that bank, that he had multiple license plates in his van and that he was armed with a handgun.

Police went to the Wachovia Bank and spotted Barriera-Vera driving a white van in the vicinity. Police conducted a traffic stop and found in the van a loaded nine-millimeter handgun, a duffle bag, gloves, a red and black Buccaneers mask, an extra license plate, camouflage mesh and a screwdriver. In a subsequent interview, Barriera-Vera told officers he had come to that location to either look for a job or rob a nearby branch of the Florida Central Credit Union, but that he did not intend to rob the Wachovia Bank. Barriera-Vera admitted committing the June 2 robbery in Brandon, Florida.

## B. Trial, Directed Verdict and First Appeal

A federal grand jury charged Barriera-Vera with: (1) robbing the Florida Central Credit Union in Brandon, Florida on June 2, 2006, in violation of 18 U.S.C. § 2113(a), (d) (Count 1); (2) brandishing a handgun during that June 2 robbery, in violation of 18 U.S.C. § 924(c) (Count 2); (3) attempting to rob a Florida Central Credit Union in Lakeland, Florida on June 28, 2006, in violation of § 2113(a), (d) (Count 3); and (4) carrying and attempting to use a handgun during that June 28 attempted robbery, in violation of § 924(c) (Count 4). After a trial, the jury found Barriera-Vera guilty on all four counts.

The district court adjudicated Barriera-Vera guilty on Counts 1 and 2. However, the district court granted Barriera-Vera's motion for a judgment of

acquittal on Counts 3 and 4, concluding that there was insufficient evidence to support those convictions. At sentencing, the district court imposed a mid-range sentence of 57 months' imprisonment on Count 1 followed by the statutory mandatory minimum, consecutive 7-year (84-month) sentence on Count 2, for a total of 141 months' imprisonment.

The government appealed, and Barriera-Vera cross-appealed. This Court reinstated the jury verdicts on Counts 3 and 4, affirmed as to Barriera-Vera's grounds for cross-appeal, and remanded for resentencing. See United States v. Barriera-Vera, No. 07-13908 (11th Cir. Dec. 15, 2008).

## C.     Resentencing On Remand

On remand, the probation office prepared an amended Presentence Investigation Report ("PSI"), which included separate offense level calculations for the June 2 robbery (Count 1) and the June 28 attempted robbery (Count 3) convictions.[1] The PSI applied the multiple-count procedures in U.S.S.G. § 3D1.4 and recommended an offense level of 22, the higher of the two offense levels. The PSI added two more levels, pursuant to § 3D1.4, for a combined adjusted offense level of 24 for the robbery offenses (Counts 1 and 3). The PSI noted that, pursuant

---

[1]According to the PSI, Count 1 called for a base offense level of 20, pursuant to U.S.S.G. § 2B3.1. The PSI added two levels, pursuant to § 2B3.1(b)(1), because property of a financial institution had been taken, for an adjusted offense level of 22. The PSI recommended a base offense level of 20 for Count 3, with no applicable adjustments.

to U.S.S.G. § 2K2.4, the guideline sentences on the firearm offenses (Counts 2 and 4) were the mandatory minimum sentences under 18 U.S.C. § 924(c), but did not state the length of those sentences. However, elsewhere, the PSI advised that the statutory mandatory minimum (1) on Count 2 was a 7-year term, pursuant to § 924(c)(1)(A)(ii) (brandishing a firearm), and (2) on Count 4 was a 25-year term, pursuant to § 924(c)(1)(C)(i) (because second firearm conviction), each to be served consecutive to any other counts of conviction.

The PSI recommended a criminal history category of III, based on five criminal history points. Three of those criminal history points were for a conviction in Puerto Rico for mutilation of a person and attempted murder. Two other points were because Barriera-Vera was still on probation for the Puerto Rico conviction at the time he committed the June 2 bank robbery. With a total offense level of 24 and a criminal history category of III, the PSI recommended an advisory guideline range of 63 to 78 months on the robbery Counts 1 and 3 followed by consecutive mandatory sentences of 7 years (84 months) and 25 years (300 months) on the firearm Counts 2 and 4, respectively. Barriera-Vera did not object to the PSI.

At resentencing, the district court confirmed that there were no outstanding objections to the PSI's guideline calculations. The district court stated that the

5

issue was "the 25-year consecutive sentence as to Count IV." Barriera-Vera agreed and argued that anything above the original 141-month sentence was greater than necessary. When the district court pointed out that Barriera-Vera was subject to the mandatory minimum sentences under § 924(c)(1), Barriera-Vera argued that he fell within an exception under § 924(c)(1)(A) and that the 7-year mandatory minimum for Count 2 did not apply. Alternatively, Barriera-Vera argued that, if the district court imposed the two mandatory minimum, consecutive sentences on Counts 2 and 4, it should not impose any additional time on Counts 1 and 3.

The district court stated that it thought the combined mandatory, consecutive sentences on the § 924(c) convictions of 384 months was "an outrageous sentence," but rejected Barriera-Vera's argument that he fell within an exception under § 924(c)(1)(A). Citing the § 3553(a) factors, the government emphasized that Barriera-Vera had "a long history of being mentally disturbed," that one of his prior convictions was for cutting off his mother-in-law's hands and that he had absconded while on probation for that conviction. The government argued that "there is a definite need for safety of the community, deterrence and respect for law enforcement." The district court suggested a sentence of time-served on Counts 1 and 3, followed by consecutive sentences for Counts 2 and 4, to which the government had no objection. Barriera-Vera argued that he should receive a one-

6

day sentence on Counts 1 and 3, rather than time-served.

The district court adjudicated Barriera-Vera guilty of Counts 3 and 4 and adopted the PSI's guideline calculations. The district court stated that the advisory guideline range for Counts 1 and 3 was 63 to 78 months' imprisonment, followed by a 7-year (84-month) consecutive sentence on Count 2 and a 25-year (300-month) consecutive sentence on Count 4.

Barriera-Vera then addressed the district court, stating, <u>inter alia</u>, that he was not crazy, that the injury to his mother-in-law was an accident and that he had a rough childhood. As to the June 2 bank robbery, Barriera-Vera said that he made sure there were no older people or pregnant women inside before he robbed the credit union, he told the people in the credit union he did not want to harm anyone, and he had not lied to law enforcement when he was caught. As to the attempted bank robbery, Barriera-Vera maintained that he had not intended to rob a bank on June 28, but was looking for a job. The district court agreed that the facts of the June 28 incident did not appear to rise to the level of attempted robbery, but noted that the appellate court had held that the facts were sufficient to support the jury's guilty verdict.

After stating that it had considered the advisory guideline range and the § 3553(a) factors, the district court imposed a sentence of time-served on Counts 1

7

and 3, a 7-year (84-month) consecutive sentence on Count 2 and a 25-year (300-month) consecutive sentence on Count 4. Barriera-Vera appealed.

## II. DISCUSSION

### A. Mandatory Minimum Consecutive Sentences for Firearm Convictions

Barriera-Vera argues that the district court erred in concluding that it was required under § 924(c)(1) to impose mandatory consecutive sentences for each of his firearm convictions. Specifically, Barriera-Vera argues that his second firearm conviction in Count 4 required a mandatory minimum 25-year sentence under § 924(c)(1)(C)(i), and therefore the district court erred in imposing an additional 7-year consecutive sentence under § 924(c)(1)(A)(ii) for the firearm conviction in Count 2.

The problem for Barriera-Vera is that this Court recently rejected this argument in United States v. Tate, ___ F.3d ___, 2009 WL 3490293, at *8-9 (11th Cir. Oct. 30, 2009). In Tate, the defendant was convicted of five counts of bank robbery under 18 U.S.C. § 2113 and three counts of using a firearm during crimes of violence (i.e., bank robberies), in violation of § 924(c). Tate, 2009 WL 340293, at *1. The district court sentenced the defendant to one 240-month and four 262-month concurrent sentences for the five underlying bank robbery offenses. Id. at *7. As to the three firearm offenses, the district court imposed a consecutive 7-

8

year sentence for brandishing a firearm, under § 924(c)(1)(A)(ii), a consecutive 25-year term for second firearm conviction, under § 924(c)(1)(C)(i), and another 25-year term for a third firearm conviction, for a total 946-month sentence.  Id.

On appeal, the defendant Tate challenged the consecutive firearm sentences, arguing that under a § 924(c)(1)(A) exception, only one consecutive sentence should have been imposed, which should been the greatest one (i.e., the 25-year mandatory minimum on Count 4).  This Court in Tate affirmed the defendant's three consecutive firearm sentences.  The Court concluded that § 924(c) required the district court "to impose consecutive sentences for each of [the defendant's] firearm convictions of using a firearm during the commission of a crime of violence . . . ."  Tate, 2009 WL 3490293, at *9.  The Tate Court quoted § 924(c)(1)(D), which states that "no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person . . . ."  18 U.S.C. § 924(c)(1)(D)(ii).

The material facts of Tate are virtually indistinguishable from those presented here.  Barriera-Vera received concurrent sentences for separate underlying bank robbery convictions and consecutive mandatory minimum sentences for each of his § 924(c) convictions.  As in Tate, the district court did not err in imposing the mandatory minimum sentence for each of Barriera-Vera's

9

§ 924(c) offenses and running them consecutive to each other and to his underlying bank robbery sentences.

We recognize that Barriera-Vera relies, as did the defendant in <u>Tate</u>, on the "except" clause in § 924(c)(1)(A) that states:

> (c)(1)(A) <u>Except to the extent that a greater minimum sentence is otherwise provided by this subsection</u> or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, . . . shall, in addition to the punishment provided for such crime of violence or drug trafficking crime- -
>
> . . . .
>> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years[.]
>
> (C) In the case of a second or subsequent conviction under this subsection, the person shall—
>> (i) be sentenced to a term of imprisonment of not less than 25 years[.]

18 U.S.C. § 924(c)(1)(A), (C) (emphasis added). Barriera-Vera argues that the language "[e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection" means the district court should impose only the greatest statutory minimum sentence in § 924(c) even when a defendant has multiple firearm offenses.[2] Under Barriera-Vera's reading, the district court should have imposed only one consecutive sentence (i.e., the 25-year sentence) and not the second consecutive sentence (i.e., the 7-year sentence).

---

[2]Barriera-Vera does not contend there is any other relevant provision of law and relies on the language "provided by this subsection" in § 924(c)(1)(A).

This "except" argument was rejected by the Tate Court based on this Court's earlier decision in United States v. Segarra, 582 F.3d 1269 (11th Cir. 2009).[3] The Segarra Court explained that to read the "except" clause as limiting sentences to only one mandatory minimum sentence would ignore § 924(c)(1)(D)(ii), which expressly prohibits any § 924(c) sentence from running concurrently with any other sentence imposed on the defendant. 582 F.3d at 1273. In other words, the "except" language addresses the length of the mandatory minimum sentence for a § 924(c) violation and not whether multiple mandatory minimum sentences for multiple § 924(c) violations run consecutively or concurrently. See id. Because we are bound by Tate and Segarra, we must reject Barriera-Vera's arguments.[4]

**B.         Reasonableness of Barriera-Vera's Sentence**

In imposing a sentence, the district court must first correctly calculate a defendant's applicable advisory guidelines range and then must consider the 18 U.S.C. § 3553(a) factors to arrive at an appropriate sentence. Gall v. United States,

---

[3]Segarra involved a drug trafficking conviction and a firearm conviction and whether the mandatory minimum sentences for those two offenses ran consecutively.

[4]We also recognize that Barriera-Vera relies on the Second Circuit's construction of § 924(c)(1)(A) in United States v. Whitley, 529 F.3d 150 (2d Cir. 2008). But, this Court expressly rejected the Second Circuit's reasoning in Segarra. 582 F.3d at 1272. In fact, as Segarra noted, every other circuit other than the Second Circuit has rejected this interpretation of the except clause. Id.

552 U.S. 38, 128 S. Ct. 587 (2007).[5]  The district court must, at the time of

sentencing, "state in open court the reasons for its imposition of the particular

sentence."  18 U.S.C. § 3553(c).  When a district court sentences a defendant

within the advisory guidelines range, only a brief statement of the reasons for the

sentence is required, and the district court need not explicitly consider each

§ 3553(a) factor.  See United States v. Scott, 426 F.3d 1324, 1329 (11th Cir. 2005).

We review the reasonableness of the sentence imposed for abuse of

discretion using a two-step process.  United States v. Pugh, 515 F.3d 1179, 1190

(11th Cir. 2008).  We look first at whether the district court committed any

significant procedural error, such as improperly calculating the guidelines range,

failing to consider the § 3553(a) factors or failing to adequately explain the chosen

sentence.  Id.  If there is no procedural error, we look at whether the sentence was

substantively reasonable under the totality of the circumstances.  Id.  The party

challenging the sentence bears the burden to show it is unreasonable in light of the

record and the § 3553(a) factors.  United States v. Thomas, 446 F.3d 1348, 1351

---

[5]The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

(11th Cir. 2006).

Barriera-Vera argues his 418-month sentence is procedurally unreasonable because the district court failed to state adequately a reason for the sentence, as required by § 3553(c)(1). Section 3553(a) does not require the district court to "incant specific language used in the guidelines" or "articulate its consideration of each individual § 3553(a) factor," as long as the record reflects the court's consideration of many of those factors. United States v. Bonilla, 463 F.3d 1176, 1182 (11th Cir. 2006). Further, when determining whether a sentencing court's statement of reasons satisfies § 3553(c)(1), we are not limited to reviewing the court's closing remarks, but review the entire sentencing as a whole. Id. at 1181 (finding district court complied with § 3553(c)(1) where district court allowed parties to argue the relevant § 3553(a) factors, heard defendant's statement, imposed a sentence at the low end of the guideline range and stated its belief that the sentence complied with the guidelines range accounted for the § 3553(a) factors).

Here, the district court listened to the parties' arguments relating to the § 3553(a) factors and Barriera-Vera's statement to the court. Although the district court described the § 924(c)(1) requirement to impose consecutive mandatory minimum sentences as "outrageous," it correctly concluded that it did not have

13

discretion to ignore them. The district court also recognized the need to have the total sentence reflect all four counts of conviction. The district court noted the slight increase in the guidelines range that resulted from the additional attempted robbery conviction (Count 3), and concluded that imposing a time-served sentence for Counts 1 and 3 (which amounted to only 34 months, when the advisory guidelines range was 63 to 78 months) in addition to the two mandatory minimum consecutive sentences on Counts 2 and 4, would satisfy the § 3553(a) considerations. It is clear from the district court's statements during the hearing that its decision to impose a significant downward variance on Counts 1 and 3 was related to what it perceived to be the harsh effect of the mandatory consecutive sentences on Counts 2 and 4. Taken as a whole, the record indicates that the district court gave sufficient reasons for imposing the 418-month sentence and complied with § 3553(c)(1).

Barriera-Vera argues that his sentence is substantively unreasonable because of the "extreme disparity" between his original 141-month sentence and his 418-month sentence on remand, given that the same facts and circumstances were before the district court at each sentencing. Barriera-Vera's argument ignores the fact that at the original sentencing Barriera-Vera was convicted of only one firearm offense and thus had only one mandatory minimum sentence. But now, the district

court was required to impose two mandatory minimum sentences, 7 years (84 months) as the mandatory minimum sentence on the first firearm offense in Count 2 and 25 years (300 months) as the mandatory minimum sentence on the second firearm offense in Count 4 and to run the two sentences consecutively to each other and to the sentences on the underlying bank robbery convictions. See United States v. Castaing-Sosa, 530 F.3d 1358, 1362 (11th Cir. 2008) ("Booker's instruction to district courts to consider the factors in § 3553(a) in fashioning a reasonable sentence cannot be read to authorize using the § 3553(a) factors to impose a sentence below an applicable statutory mandatory minimum.").

Indeed, the district court imposed a time-served sentence for the two bank robbery convictions, Counts 1 and 3. This sentencing decision amounted to a 34-month sentence, lower than the 57-month sentence imposed at the original sentencing on Count 1. Moreover, it represented a significant downward variance from the recalculated advisory guidelines range of 63 to 78 months for those two robbery counts. Given all of these circumstances, we cannot say the district court's sentence is substantively unreasonable.

For the foregoing reasons, we affirm Barriera-Vera's total 418-month sentence.

**AFFIRMED.**

15