[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-13226

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-20695-CR-JLK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN CEDENO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 14, 2009)

Before EDMONDSON and PRYOR, Circuit Judges, and CAMP,* District Judge.

PER CURIAM:

Defendant pled guilty to Counts 1-7 of an indictment charging him with drug trafficking offenses. He then appeared before the district judge for a non-jury trial on Count 8 of the indictment, which charged that he knowingly possessed a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. §924(c)(1)(A). The district court convicted Cedeno of the firearm offense and sentenced him to 120 months on the drug offenses, followed by 60 months on the firearm offense, to run consecutively.

Cedeno appeals from the conviction, arguing that the evidence presented at his bench trial is insufficient to sustain his conviction for the firearm offense. He also appeals his sentence, contending that § 924(c)(1)(A) does not require a mandatory minimum 60 month sentence to run consecutively in his situation. Finally, he argues that his total sentence is substantively unreasonable.

The Court finds the evidence sufficient to support Cedeno's conviction for the firearms offense and that a proper reading of § 924(c)(1)(A) not only permits

*Honorable Jack T. Camp, United States District Judge for the Northern District of Georgia, sitting by designation.

but requires the mandatory 60 month sentence to run consecutively. Furthermore, as his sentence is required by the statute, it is not substantively unreasonable. Accordingly, this Court affirms.

## I. Background

Ryan Cedeno was a student who hoped to teach math. Unfortunately, Cedeno was paying for this education by trafficking in large amounts of cocaine. Cedeno pled guilty to conspiracy to possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. § 846. He also pled guilty to five counts of distribution of cocaine and one count of possession with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Cedeno did not enter a plea of guilty to an eighth count, which charged that he knowingly possessed a firearm in furtherance of a drug trafficking offense in violation of 18 U.S.C. § 924(c)(1)(A), but appeared before the district court for a non-jury trial. He was found guilty, and the district court sentenced him to a mandatory minimum 60 months to follow the mandatory 120 month sentence on the drug trafficking counts.

At the trial on Count 8, the parties stipulated to a number of facts. The parties stipulated that Cedeno had four kilograms of cocaine in his car at the time of his arrest, that he was taking the cocaine to a meeting with an FBI confidential source, and that this transaction was part of an agreement to sell 15 kilograms of

cocaine to the confidential source.  The parties also stipulated that a loaded Model 26 Glock  9-mm handgun registered to Cedeno's cousin, Daniel Gelliburt, was found in the rear pouch of the front passenger seat of Cedeno's car.

The Government called FBI Agent William O'Donnell, who testified that during his arrest Cedeno indicated the location of the Glock in his car and never stated that the firearm belonged to anyone else.  The Government next called FBI Agent Ronnie Bobbitt, who also participated in his arrest.  Agent Bobitt testified that, although immediately after his arrest Cedeno denied having a gun in the car, he then said, "[Y]es, I do have a weapon, but I have a permit for it."  Agent Bobbitt testified that Cedeno later said he had purchased the gun from his cousin.

Cedeno testified on his own behalf at the trial. He stated that no firearm was mentioned, used, or displayed in any of the transactions for which he was indicted. He testified that he had not purchased the firearm from Gelliburt.  Instead, he had taken it as collateral on a loan, and had previously returned it to Gelliburt.  Cedeno explained that Gelliburt must have left the firearm in Cedeno's car after a recent trip the two had made to the shooting range.  Cedeno further testified that he was unaware Gelliburt had left the Glock in his car.

## II.  The evidence presented at Defendant's bench trial was sufficient to support his conviction for the firearms offense.

This Court reviews the sufficiency of the evidence *de novo* but considers it "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor." United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006). Where, as here, the defendant fails at trial to move for a judgment of acquittal, "we will affirm [the] conviction, against [a] challenge to the sufficiency of the evidence, 'unless there is a manifest miscarriage of justice.'" United States v. Schier, 438 F.3d 1104, 1107 (11th Cir. 2006) (quoting United States v. Bichsel, 156 F.3d 1148, 1150 (11th Cir. 1998)). This standard requires "'the evidence on a key element of the offense [to be] so tenuous that a conviction would be shocking.'" Id. (quoting Bichsel, 156 F.3d at 1150).

At Defendant's non-jury trial, the Government was required to prove beyond a reasonable doubt that Cedeno (1) committed a federal drug trafficking crime and (2) knowingly possessed a firearm (3) in furtherance of that crime. See § 924(c)(1)(A); United States v. Brantley, 68 F.3d 1283, 1289 (11th Cir. 1995) (holding that the statute requires knowing possession). With regard to the first element, Cedeno pled guilty to a federal drug trafficking crime.

The evidence is sufficient to show Cedeno "knowingly" possessed a firearm. The parties stipulated that, at the time of his arrest, Cedeno was involved in a drug deal, had cocaine in his car, and that a loaded handgun was found in the

5

rear pocket of the front passenger seat of his car. At trial, the FBI agents who arrested Cedeno testified that Cedeno admitted having the firearm and described its exact location in the car.

Citing his trial testimony that he did not know the firearm was in the car, Cedeno now argues that he did not "knowingly" possess the firearm. When a defendant testifies at trial, the fact-finder is free to disbelieve the defendant and to consider his statement as substantive evidence of his guilt. See United States v. Ellisor, 522 F.3d 1255, 1272 (11th Cir. 2008). The district court was free to treat Cedeno's testimony as establishing that he knew the firearm was in the car and, thus, knowingly possessed the firearm.

The evidence of his knowledge was far from "tenuous." Taken together, the government's witnesses and Cedeno's testimony provided the district court with sufficient evidence to find beyond a reasonable doubt that Cedeno knowingly possessed a firearm.

The evidence also supports the finding that Cedeno possessed the firearm "in furtherance of" a drug crime. Proving possession in furtherance of a drug crime requires evidence of "some nexus between the firearm and the drug selling operation." United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir. 2002). The nexus can be established with evidence of the kind of drug activity involved, the

accessibility of the firearm, whether the firearm was loaded, the proximity of the firearm to the drugs or drug profits, and the time and circumstances under which the firearm was found. United States v. Mercer, 541 F.3d 1070, 1076-77 (11th Cir. 2008), cert. denied, 129 S.Ct. 954 (2009). The evidence at trial—that a 9 mm handgun, loaded with a round chambered, was accessible to the Defendant in the same car he used to transport drugs to a buyer—establishes the necessary nexus between the firearm and the drug selling operation. Id. at 1077 (gun found in the same hotel room as defendant's drugs and drug paraphernalia is sufficient to show "in furtherance of" a drug trafficking crime).

Viewed in the light most favorable to the government, the evidence establishes that Cedeno was engaged in a drug trafficking offense, that he knowingly possessed a firearm, and that a nexus existed between the firearm and the drugs. None of the evidence on any element of the crime is so tenuous that a conviction would be shocking. See Schier, 438 F.3d at 1107. Therefore, we affirm the district court's Cedeno's conviction under 18 U.S.C. § 924(c)(1)(A).

III. **The district court correctly determined Cedeno's sentence**.

A. **The district court correctly applied § 924(c)(1)(A) to require a consecutive sentence for the firearms offense in Cedeno's case.**

Cedeno argues that § 924(c)(1)(A)'s "except" clause exempts him from the

7

consecutive minimum five year sentence for possessing a weapon in furtherance of a drug crime because the statute required a ten year minimum sentence for possessing cocaine. The statute reads, in pertinent part:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime--(i) be sentenced to a term of imprisonment of not less than 5 years...
>
> 18 U.S.C. §924(c)(1)(A) (emphasis added).

This Court's holding in United States v. Segarra, 582 F.3d 1269 (11th Cir. Sept. 15, 2009), forecloses Cedeno's argument. This Court, in Segarra, held that § 924(c) requires consecutive sentences for a defendant who is convicted of both a drug and a firearm offense. Id. at 1270.

Cedeno argues that the holding in Segarra was based on the bar of the appeal waiver in Cedeno's plea agreement, not the interpretation of the statute, and, therefore, the opinion is not binding precedent on the statutory interpretation.

Segarra's plea agreement contained a waiver of appeal which barred a direct or collateral appeal unless the sentence imposed exceeded the guidelines range as determined by the court. Id. at 1271. As the Segarra opinion stated, "To

8

determine whether the sentences exceeded the guidelines range, we must first consider whether the district court properly imposed consecutive sentences for the drug and firearm offenses." Id.

By holding that Segarra was not entitled to the exception in his appeal waiver, the Court was forced to interpret § 924(c) as mandating consecutive sentences for a defendant who is convicted of a drug crime and possession of a weapon in furtherance of a drug crime. The Segarra opinion's statutory interpretation is binding upon this panel. "Under the well-established prior panel precedent rule of this Circuit, the holding of the first panel to address an issue is the law of this Circuit, thereby binding all subsequent panels unless and until the first panel's holding is overruled by the Court sitting en banc or the Supreme Court." Smith v. GTE Corp., 236 F.3d 1292, 1300 n.8 (11th Cir. 2001).

Segarra held that § 924(c)(1)(A) requires a consecutive sentence for possessing a firearm in furtherence of a drug trafficking offense. Thus, the district court properly imposed consecutive sentences for his drug offenses and his firearm offense.

**B.    The Booker opinion does not authorize a sentence below the mandatory minimum in the statute.**

Cedeno contends his sentence of 180 months was excessive and

unreasonable under <u>United States v. Booker</u>, 543 U.S. 220, 125 S. Ct. 738, 160 L.Ed.2d 621 (2005), in light of the appropriate Section 3553(a) factors.

After <u>Booker</u>, sentencing is a two-step process that requires the district court first to "consult the Guidelines and correctly calculate the range provided by the Guidelines," then to consider the factors in 18 U.S.C. § 3553(a) to determine a reasonable sentence. <u>United States v. Talley</u>, 431 F.3d 784, 786 (11th Cir. 2005). The parties agree that the district court correctly determined the applicable guideline range initially; however, if the statute requires a mandatory minimum, it becomes the lower end of the guideline range. <u>United States v. Simpson</u>, 228 F.3d 1294, 1303 (11th Cir. 2000) (holding that where the Sentencing Guidelines's guideline range falls below a mandatory minimum sentence, the court must follow the statutory minimum).

"It is well-settled that a district court is not authorized to sentence a defendant below the statutory mandatory minimum unless the government filed a substantial assistance motion . . . or the defendant falls within the safety-valve . . ." <u>United States v. Castaing-Sosa</u>, 530 F.3d 1358, 1360 (11th Cir. 2008). Furthermore, § 3553(a) does not authorize a district court to impose a sentence below the statutory mandatory minimum. <u>Id.</u> at 1361. Nor did <u>Booker</u> render statutory minimums advisory. <u>Id.</u> at 1362.

The district court correctly determined Cedeno's offenses required a mandatory minimum 120 months for the drug offenses and a mandatory minimum 60 months for the firearm offense. The district court heard Cedeno's argument as to the § 3553(a) factors before sentencing him to consecutive mandatory minimum sentences for his crimes. The district court did not err in finding that it had no discretion to impose lower sentences. United States v. Brehm, 442 F.3d 1291, 1300 (11th Cir. 2006) (holding that Booker does not permit a court discretion to grant relief from the mandatory minimum sentence).

Because the district court had no discretion in the sentence it imposed, that sentence is not substantively unreasonable.

## Conclusion

For the foregoing reasons, this Court **AFFIRMS** the judgment of the district court.