**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Royan McLYMONT, Defendant–Appellant.**

No. 93–4344
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

Feb. 21, 1995.

Michael G. Smith, Robert N. Berube, Asst. Federal Public Defender, Ft. Lauderdale, FL, for appellant.

H. Lloyd King, Jr., Alice Ann Burns, Linda Collins Hertz, U.S. Attorneys Office, Miami, FL, for appellee.

Before TJOFLAT, Chief Judge,
HATCHETT and BLACK, Circuit Judges.

PER CURIAM:

■ Appellant Royan McLymont entered a guilty plea to carrying a firearm in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c). The district court sentenced McLymont to sixty months' imprisonment. The issue on appeal is whether the district court erred when it ordered Appellant's sentence for carrying and using a firearm in relation to a drug trafficking crime to run consecutively to his undischarged state sentences. Appellant's position is that USSG § 5G1.3(b) requires a concurrent sentence in this case because Appellant was prosecuted in federal and state court for the same criminal conduct. Appellee's position is that 18 U.S.C. § 924(c) and the Sentencing Guidelines mandate a consecutive sentence. For the reasons which follow, we affirm.

Appellant's contention that USSG § 5G1.3(b) required the district court to impose a concurrent sentence overlooks the plain language of 18 U.S.C. § 924(c) and USSG § 2K2.4(a), both of which mandate the imposition of a consecutive sentence. Section 924(c) provides for a mandatory five-year term of imprisonment for persons who use or carry a firearm during and in relation to a drug trafficking crime. This statute specifically limits the district court's discretion in sentencing by stating:

> Notwithstanding any other provision of law, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

18 U.S.C. § 924(c) (emphasis added).

■ In interpreting the language of the statute, this Court must assume that Congress used the words of the statute as they are commonly and ordinarily understood and must construe the statute so each of its provisions is given full effect. *United States v. Rawlings,* 821 F.2d 1543, 1545 (11th Cir.)

(interpreting penalty provision of § 924(c) for "second or subsequent conviction"), *cert. denied,* 484 U.S. 979, 108 S.Ct. 494, 98 L.Ed.2d 492 (1987). Further, the plain meaning of the statute controls unless the language is ambiguous or leads to absurd results. *United States v. Smith,* 957 F.2d 835, 836 (11th Cir.1992) (interpreting the phrase "during and in relation to any ... drug trafficking crime" as set forth in § 924(c) to include trading guns for drugs), *aff'd,* — U.S. —, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993).

Under these rules of statutory construction, the plain meaning of § 924(c) reflects a congressional mandate that a person who carries a firearm in relation to a drug trafficking crime serve an additional term of imprisonment. Congress' use of the phrase "notwithstanding any other provision of law" makes it clear that Congress intended the penalty provisions of § 924(c) to take precedence over any preexisting or subsequently-enacted sentencing legislation, including the Sentencing Guidelines.

Moreover, Congress' use of the language "nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment" clearly evinces a Congressional intent that the mandatory punishment be in addition to any other term of imprisonment, regardless of whether the other terms of imprisonment were for the type of related conduct described in USSG § 5G1.3(b). As such, this Court has recently stated that "[t]he plain language of [section 924(c)] expressly states that a *term* of imprisonment imposed under section 924(c) cannot run *concurrently* with any *other term* of imprisonment, period. No exceptions are provided." *United States v. Wright,* 33 F.3d 1349, 1350 (11th Cir.1994).

Congressional intent that violations of § 924(c) be punished by mandatory consecutive sentences is also reflected in USSG § 2K2.4(a), which provides in pertinent part that "If the defendant, whether or not convicted of another crime, was convicted under [18 U.S.C. 924(c)] ..., the term of imprisonment is that required by statute." The comments to USSG § 2K2.4 state that: "In each case, the statute requires a term of imprison-

ment imposed under this section to run consecutively to any other term of imprisonment." USSG § 2K2.4, comment. (n. 1).

In light of the plain language of 18 U.S.C. § 924(c) and USSG § 2K2.4(a), it is clear that USSG § 5G1.3(b) has no application to 18 U.S.C. § 924(c) and its mandatory sentencing provision. The district court properly ordered that Appellant's sentence for carrying and using a firearm run consecutively to his undischarged state sentences.

AFFIRMED.