[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 98-4431
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
05/05/99
THOMAS  K. KAHN
CLERK

D. C. Docket No. 97-17-CR-UUB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANGEL LUIS ORTEGA-TORRES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 5, 1999)**

Before TJOFLAT, EDMONDSON and BLACK, Circuit Judges.

BLACK, Circuit Judge:

Appellant Angel Luis Ortega-Torres appeals his sentence for various offenses related to the smuggling of a carload of seven illegal aliens into the United States. Appellant was convicted of conspiracy, in violation of 18 U.S.C. § 371, and one count per alien of violating 8 U.S.C. §§ 1324(a)(1)(B)(I), (a)(2)(B)(ii), and (a)(2)(B)(iii). At sentencing, the district court relied upon the five-year minimum mandatory provision of § 1324(a)(2) to impose a five-year sentence for aliens three through seven on the § 1324(a)(2)(B)(ii)-(iii) violations, overruling Appellant's objections that the penalty provision is unconstitutionally vague and ambiguous. We agree with the district court that the statute clearly imposes its penalties on a per-alien basis and therefore affirm.

On appeal, Appellant renews his contention that the penalty provisions of § 1324(a)(2) are unconstitutionally vague and ambiguous, and argues the rule of lenity requires that his sentence be vacated and he be resentenced solely on the basis of his applicable Guidelines range under U.S.S.G. § 2L1.1. He essentially argues that because he smuggled all seven aliens at one time, rather than in separate transactions, his 22 separate convictions were all part of one "violation" of the statute, and the convictions should therefore be considered a "first violation" for sentencing purposes. The parties do not offer, nor has this Court found, any cases where this Circuit or other circuits have addressed this issue.

This Court reviews the district court's interpretation and application of a statute de novo. *United States v. Grigsby*, 111 F.3d 806, 816 (11th Cir. 1997) (citation omitted). In doing so, the plain meaning of the statute controls unless the language is ambiguous or would lead to an absurd result. *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir. 1995).

A criminal statute is unconstitutionally vague if it "'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden.'" *United States v. Batchelder*,

2

442 U.S. 114, 123, 99 S. Ct. 2198, 2203-04 (1979) (citation omitted).  In the sentencing context, "vague sentencing provisions may post constitutional questions if they do not state with sufficient clarity the consequences of violating a given criminal statute." *Id* at 123, 99 S. Ct. at 2204 (citations omitted).

Section 1324(a) provides:

> (2) Any person who, knowing or in reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, brings to or attempts to bring to the United States in any manner whatsoever, such alien, regardless of any official action which may later be taken with respect to such alien shall, *for each alien in respect to whom a violation of this paragraph occurs*—
>> (A) be fined in accordance with Title 18, or imprisoned not more than one year, or both; or
>>
>> (B) in the case of—
>>
>> . . . .
>>
>>> (ii) an offense done for the purpose of commercial advantage or private financial gain, or
>>>
>>> (iii) an offense in which the alien is not upon arrival immediately brought and presented to an appropriate immigration officer at a designated port of entry,
>>
>> be fined under Title 18, and shall be imprisoned, in the case of a first or second violation of subparagraph (B)(iii), not more than 10 years, in the case of a first or second violation of subparagraph (B)(I) or (B)(ii), not less than 3 nor more than 10 years, *and for any other violation, not less than 5 nor more than 15 years.*

8 U.S.C. § 1324(a)(2) (emphasis added).

The plain language of the statute indicates the penalties are intended to be applied "for *each alien* in respect to whom a violation of this paragraph occurs." *Id.* (emphasis added).  The use of the terms "each alien" and "violation" together in the

introductory sentence of § 1324(a)(2) make clear that courts should count each alien as a separate violation for sentencing purposes.[1]

Although we find the plain language of the statute conclusive, our reading of § 1324 is bolstered by its legislative history. In 1996, Congress enacted the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA), Pub. L. No. 104-208, 110 Stat. 3009-546. Prior to the IIRIRA, the statue provided that punishment be administered "for each transaction constituting a violation of this paragraph, regardless of the number of aliens involved." 8 U.S.C. § 1324(a)(2) (1996). In a section entitled "Applying Certain Penalties on a Per Alien Basis," the IIRIRA struck the "for each transaction constituting a violation" language of § 1324(a)(2), and replaced it with the current language, "for each alien in respect to whom a violation of this paragraph occurs." IIRIRA, Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-566. In changing the text of the statute, Congress clearly expressed its intent that district courts determine the penalties for alien smuggling offenses based on the number of aliens the defendant smuggled into the United States. The accompanying Conference Report lends further support to this interpretation. *See* H.R. Conf. Rep. No. 104-828, at 204 (1996) ("Henceforth, an offense will be counted for each alien

---

[1] Because we find no ambiguity, the rule of lenity is inapplicable. *United States v. Sepulveda*, 115 F.3d. 882, 887 n.11 (11th Cir. 1997) (rule of lenity "has no application where the fair meaning of the statute is clear").

smuggled, not, as under current law, for each transaction regardless of the number of aliens involved").[2]

For the foregoing reasons, the penalty provisions of § 1324(a)(2) are not unconstitutionally vague or ambiguous. We further hold the district court did not err in applying the provisions on a per-alien basis.

AFFIRMED.

---

[2] Appellant alternatively argues that the penalty provisions of § 1324(a)(2) are unconstitutionally vague because the five-year minimum mandatory sentence exceeds the sentence provided for by the recent IIRIRA-mandated amendments to § 2L1.1 of the Sentencing Guidelines. This argument is without merit. The Sentencing Guidelines themselves provide that "[w]here a statutorily required minimum sentence is greater than the maximum applicable guideline range, the statutorily required minimum sentence shall be the [G]uideline sentence." U.S.S.G. § 5G1.1(b). This Court has likewise held that "[t]he statue controls in the event of a conflict between the guideline and the statute." *United States v. Eggersdorf*, 126 F.3d 1318, 1320 (11th Cir. 1997) (citation omitted), *cert. denied*, ___ U.S. ___, 118 S. Ct. 1204 (1998).