[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-16294
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 20, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 01-03084-CV-GET-1

CASCADE CROSSING II, LLC,

Plaintiff-Appellee,

versus

RADIOSHACK CORPORATION,
f.k.a. Tandy Corporation,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 20, 2006)

Before DUBINA, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

This is the second time we have considered an appeal of this case. In the first appeal, Cascade Crossing II, LLC ("Cascade Crossing") appealed the district court's ruling on waiver only. A panel of our court reversed the district court's ruling on waiver, and declared that Cascade Crossing was the only prevailing party and was therefore entitled to an award of attorneys' fees. The case was remanded to the district court for a determination of the amount of past due rent and attorneys' fees to be paid by Radioshack Corporation ("Radioshack").

On remand, the parties agreed on the amount of past due rent and interest but could not agree on the amount of attorneys' fees. Cascade Crossing argued that the full amount of attorneys' fees it sought should be awarded, but Radioshack argued that the fee award should be capped by the percentages set forth in O.C.G.A. § 13-1-11. The district court ruled that O.C.G.A. § 13-1-11 did not apply, and Cascade Crossing was awarded the full amount of attorneys' fees ($282,924.53) incurred in this litigation. Radioshack then perfected this appeal.

We review a district court's interpretation and application of a statute *de novo*. *United States v. Ortega-Torres*, 174 F.3d 1199, 2000 (11th Cir. 1999) (citation omitted).

Although Radioshack does not dispute that an award of attorneys' fees to Cascade Crossing under Section 31 of the Radioshack lease was proper, it argues

that the district court erred in awarding Cascade Crossing the full amount of its attorneys' fees accrued during the litigation. More specifically, Cascade Crossing argues that the award of attorneys' fees should have been calculated pursuant to O.C.G.A. § 13-1-11(a)(2), which caps such attorney fee awards at 15% of the first $500.00 of past due rent and interest owed, and 10% of the remaining past due rent and interest.

From the district court's brief mention of this issue, it is impossible for us to discern the correctness of the court's ruling. In its order of August 12, 2005, the district court found that "the limits contained in O.C.G.A. § 13-1-11 are inapplicable to plaintiff's claim for attorney's fees." (R. Vol. 5 Doc. 105 at 2.) The court gave no reason for this finding. Moreover, in open court proceedings, which occurred on August 10, 2005, the court stated in a conclusory manner: "[i]nsofar as the defendant relies on Georgia Code 13-1-11, I have concluded that that code section is not applicable to the plaintiff's claim and that the defendant cannot assert that by way of limitation of what the plaintiff has claimed." (R. Vol. 7 Tr. At 2.)

Because the court did not state the basis of its ruling that O.C.G.A. § 13-1-11 does not apply, we are unable to grant meaningful review to the parties in this appeal. We can only speculate as to why the district court made such a ruling.

3

Accordingly, we vacate the district court's order and remand this case to the district court with directions that the court state with specificity why O.C.G.A. § 13-1-11 should not apply to this case and support its ruling with appropriate legal authority, if any.

**VACATED and REMANDED.**