[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 24, 2010
JOHN LEY
CLERK

_____

No. 10-10368
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20336-DLG-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SHELDON O. SHORTER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 24, 2010)

Before CARNES, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Sheldon O. Shorter appeals his 24-month sentence for aggravated identity

theft in violation of 18 U.S.C. § 1028A.  On appeal, Shorter argues that the district

court incorrectly concluded that it was required by § 1028A to impose a sentence that would run consecutively to a prior, undischarged sentence he received for drug offenses. Shorter also argues that the statutory sentencing scheme found in § 1028A violated his due process rights.

"We review issues of statutory interpretation *de novo*." *United States v. Mazarky*, 499 F.3d 1246, 1248 (11th Cir. 2007) (citation omitted). In interpreting a statute, a court should first "determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute." *United States v. Fisher*, 289 F.3d 1329, 1337–38 (11th Cir. 2002) (citation and quotation omitted). "If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *Id.* at 1338. "[T]his Court must assume that Congress used the words of the statute as they are commonly and ordinarily understood and must construe the statute so each of its provisions is given full effect." *United States v. McLymont*, 45 F.3d 400, 401 (11th Cir. 1995) (per curiam) (citation omitted). However, where actual ambiguities exist in a criminal statute, the "rule of lenity" requires that such ambiguities be resolved in favor of criminal defendants. *United States v. Trout*, 68 F.3d 1276, 1280 (11th Cir. 1995) (per curiam) (citation omitted). Further, to the extent that any ambiguity exists in the plain language of a statute, we may apply the doctrine of constitutional doubt, which instructs us "to construe

a statute that is genuinely susceptible to two constructions in favor of the construction that avoids a serious likelihood that the statute will be held unconstitutional." *Tilton v. Playboy Entm't Group, Inc.*, 554 F.3d 1371, 1376 (11th Cir. 2009) (citation and quotation omitted).

Under 18 U.S.C. § 1028A(a)(1),

Whoever, during and in relation to any felony violation enumerated in subsection (c), knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person shall, in addition to the punishment for such felony, be sentenced to a term of imprisonment of 2 years.

The relevant portion of § 1028A(b), relating to consecutive sentences, provides that:

Notwithstanding any other provision of law . . . except as provided in paragraph (4), no term of imprisonment imposed on a person under this section shall run concurrently with any other term of imprisonment imposed on the person under any other provision of law, including any term of imprisonment imposed for the felony during which the means of identification was transferred, possessed, or used;

*Id.* § 1028A(b)(2). The exception to this requirement for consecutive sentences provides that a court has the discretion to impose a concurrent sentence "only with another term of imprisonment that is imposed by the court at the same time on that person for an additional violation of this section." *Id.* § 1028A(b)(4). The statute additionally states that:

3

in determining any term of imprisonment to be imposed for the felony during which the means of identification was transferred, possessed, or used, a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of this section.

*Id.* § 1028A(b)(3).

Although we have not addressed in a published opinion whether § 1028A requires a court to impose a two-year sentence that runs consecutively to a previous, unrelated sentence, we have held that similar language in 18 U.S.C. § 924(c) requires a court to impose a sentence under that statute to run consecutively to separate, undischarged state sentences. *See McLymont*, 45 F.3d at 402. The relevant statutory language we interpreted in *McLymont* provided:

*Notwithstanding any other provision of law*, the court shall not place on probation or suspend the sentence of any person convicted of a violation of this subsection, *nor shall the term of imprisonment imposed under this subsection run concurrently* with any other term of imprisonment including that imposed for the crime of violence or drug trafficking crime in which the firearm was used or carried.

*Id.* at 401 (quoting 18 U.S.C. § 924(c) (1995)).[1] We noted that "Congress' use of

---

[1] The current version of § 924(c)(1)(D) provides:

Notwithstanding any other provision of law (i) a court shall not place on probation any person convicted of a violation of this subsection; and (ii) no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed.

the phrase 'notwithstanding any other provision of law' makes it clear that Congress intended the penalty provisions of § 924(c) to take precedence over any preexisting or subsequently-enacted sentencing legislation." *Id.* We further held that "Congress' use of the language 'nor shall the term of imprisonment imposed under this subsection run concurrently with any other term of imprisonment' clearly evinces a Congressional intent that the mandatory punishment be in addition to any other term of imprisonment" regardless of what underlying conduct the other sentence encompassed. *Id.*

We also review the constitutionality of a statute *de novo*. *United States v. Ambert*, 561 F.3d 1202, 1205 (11th Cir. 2009) (citation omitted). Due process requires that a sentencing scheme be rational and not based on an arbitrary distinction. *Chapman v. United States*, 500 U.S. 453, 465, 111 S. Ct. 1919, 1927 (1991) (noting that, in this context, "an argument based on equal protection essentially duplicates an argument based on due process"). "Congress has the power to define criminal punishments without giving the courts any sentencing discretion," and even a sentencing scheme that does not consider individual degrees of culpability may still be constitutional. *Id.* at 467; 111 S. Ct. at 1928–29

---

We find that the interpretation of § 924(c) in *McLymont* is still applicable to this case.

(citation omitted). "Where a statute does not discriminate on racial grounds or against a suspect class, Congress' judgment will be sustained in the absence of persuasive evidence that Congress had no reasonable basis for drawing the lines that it did." *United States v. Grinnell*, 915 F.2d 667, 669 (11th Cir. 1990) (per curiam) (alteration omitted) (citation and quotation omitted). Thus, "[o]ur responsibility is not to determine whether this was the correct judgment or whether it best accomplishes Congressional objectives; rather, our responsibility is only to determine whether Congress' judgment was rational." *United States v. Holmes*, 838 F.2d 1175, 1178 (11th Cir. 1988) (holding that because the sentencing scheme in 18 U.S.C. § 841(b)(1) is rational, the defendant was denied neither due process nor equal protection under the Fifth Amendment).

We recently held that an imposition of a consecutive sentence under § 1028A(b) does not violate the Double Jeopardy Clause of the Fifth Amendment and noted that legislative history shows that "§ 1028A was enacted to enhance the penalties for 'persons who steal identities to commit terrorist acts, immigration violations, firearms offenses, and other serious crimes'" and "the statute's '2-year penalty enhancement is in addition to any term of imprisonment for the underlying offense.'" *United States v. Bonilla*, 579 F.3d 1233, 1242 n.3 (11th Cir. 2009) (quoting H.R. Rep. No. 108-528 (2004)), *cert. denied*, 130 S. Ct. 2361 (2010).

Upon review of the record and consideration of the parties' briefs, we affirm. In light of the plain language of § 1028A(b)(2), the district court correctly determined that it was required to impose a two-year sentence that runs consecutively to Shorter's prior, unrelated sentence for drug trafficking. Further, the statutory sentencing scheme found in § 1028A did not violate Shorter's constitutional rights because the scheme is rational and not based on an arbitrary distinction.

**AFFIRMED.**