[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12096
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 22, 2011
JOHN LEY
CLERK

D.C. Docket No. 4:09-cr-00021-RH-WCS-7

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

ANTHONY KELLAM,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(February 22, 2011)

Before BARKETT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Anthony Kellam appeals his 94-month total sentence, imposed after he

pleaded guilty to conspiracy to commit fraud in connection with counterfeit credit

cards or other access devices (Count 1); fraud in connection with counterfeit credit cards or other access devices (Count 2); and aggravated identity theft (Count 10). He raises two issues on appeal. First, Kellam argues that the district court erred in imposing the two-year consecutive sentence mandated by the aggravated identity theft statute, 18 U.S.C. § 1028A, because its application created an unwarranted sentence disparity in contravention of 18 U.S.C. § 3553. Second, Kellam argues that the district court erred in counting certain parent companies and their subsidiaries as separate "victims" under U.S.S.G. § 2B1.1(b)(2)(B). Upon review of the record and consideration of the parties' briefs, we affirm.

We review a district court's interpretation of a statute *de novo*. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009) (per curiam), *cert. denied*, 131 S. Ct. 633 (2010). "We review findings of fact for clear error and application of the sentencing guidelines *de novo*." *United States v. Gupta*, 572 F.3d 878, 887 (11th Cir. 2009), *cert. denied*, 130 S. Ct. 1302 (2010). "'Although review for clear error is deferential, a finding of fact must be supported by substantial evidence.'" *Id.* (quoting *United States v. Robertson*, 493 F.3d 1322, 1330 (11th Cir. 2007)). And at sentencing, "'[w]hen a defendant challenges one of the factual bases of his sentence,'" the government must, "'with reliable and specific evidence,'" establish that fact by a preponderance of the evidence. *Id.* (quoting *United States v.*

2

*Sepulveda*, 115 F.3d 882, 890 (11th Cir. 1997)). "'Whether a person is a victim' under the Sentencing Guidelines 'is a legal conclusion we review *de novo*.'" *United States v. Ellisor*, 522 F.3d 1255, 1275 (11th Cir. 2008) (quoting *United States v. Foley*, 508 F.3d 627, 632 (11th Cir. 2007)).

To address Kellam's first argument, we must begin with § 1028A's plain language. *See Segarra*, 582 F.3d at 1271. "If the statute's meaning is plain and unambiguous, there is no need for further inquiry." *Id.* (quoting *United States v. Fisher*, 289 F.3d 1329, 1337–38 (11th Cir. 2002) (internal quotation and citation omitted)). In pertinent part, § 1028A states:

> (b) Consecutive sentence. -- *Notwithstanding any other provision of law* --
>
> . . .
>
> > (3) in determining any term of imprisonment to be imposed for the [underlying felony], a court shall not in any way reduce the term to be imposed for such crime so as to compensate for, or otherwise take into account, any separate term of imprisonment imposed or to be imposed for a violation of [§ 1028A] . . . .

18 U.S.C. § 1028A(b) (emphasis added).

We interpreted a similar statute, 18 U.S.C. § 924(c), in *United States v. McLymont*, 45 F.3d 400 (11th Cir. 1995) (per curiam). In *McLymont*, we concluded that "Congress' use of the phrase 'notwithstanding any other provision of law' makes it clear that Congress intended the penalty provisions of § 924(c) to

3

take precedence over any preexisting or subsequently-enacted sentencing legislation, including the Sentencing Guidelines." 45 F.3d at 401. Section 1028A plainly prohibits a district court from reducing a defendant's sentence for his or her underlying offense in order to compensate for the statute's mandatory two-year sentence. *See* 18 U.S.C. § 1028A(b)(3). And this mandate "take[s] precedence over any preexisting or subsequently-enacted sentencing legislation," including § 3553's sentencing factors. *See McLymont*, 45 F.3d at 401. Consequently, the district court did not err either in sentencing Kellam to an additional two years pursuant to § 1028A, or in disregarding that additional two-year term in imposing sentences for Kellam's underlying offenses, regardless of the disparity between his total sentence and those of his co-defendants.

As to Kellam's second argument, the government introduced testimony at the sentencing hearing establishing that the following financial institutions were in some way involved in parent-subsidiary relationships at the time of the offense conduct: (1) GE Money Bank and GE Capital Finance; (2) Chase Bank and JPMorgan Chase Bank; (3) Wells Fargo and Wachovia; and (4) Bank of America and FIA Card Services. Taking these relationships into account, the district court found that there were 52 separate victims.

The Sentencing Guidelines impose a four-level enhancement when an

offense involves 50 or more victims. U.S.S.G. § 2B1.1(b)(2)(B). "Victim" is defined as "any person who sustained any part of the actual loss determined under" § 2B1.1(b)(1). U.S.S.G. § 2B1.1 cmt. n.1. And "individuals, corporations, [and] companies . . ." are included, among other entities, in the definition of "[p]erson." *Id.* The commentary does not explain whether a parent company and its subsidiary should be treated as one or multiple victims. But generally a parent company and its subsidiary are separate entities unless "the corporate veil can be pierced." *See Atlanta Gas Light Co. v. UGI Utils., Inc.*, 463 F.3d 1201, 1204 (11th Cir. 2006).

Based on the testimony presented at the sentencing hearing, the district court's factual findings regarding the nature of the business relationships among the entities in question were not clearly erroneous. And because nothing suggested that the corporate veil had been or should be pierced, the district court correctly determined that these parent companies and their subsidiaries were separate victims. Accordingly, we affirm.

**AFFIRMED.**