[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 23-11760

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

THOMAS ANTONIO STUART,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:23-cr-20064-RNS-1

_____

Before WILLIAM PRYOR, Chief Judge, and JORDAN and LAGOA, Circuit Judges.

PER CURIAM:

Thomas Stuart appeals his sentence of 60 months of imprisonment imposed after he pleaded guilty to three counts of bringing an alien to the United States for commercial and private financial gain. 8 U.S.C. § 1324(a)(2)(B)(ii). He argues that the five-year mandatory minimum did not apply to him because he was a first-time offender. The United States moves for a summary affirmance. Because "the position of [the United States] . . . is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), we grant that motion and affirm.

Section 1324(a)(2) provides a mandatory-minimum sentence of three years of imprisonment for "a first or second violation of subparagraph (B)(i) or (B)(ii)," and it provides a mandatory-minimum sentence of five years "for any other violation." 8 U.S.C. § 1324(a)(2). In *Ortega-Torres*, we held that an offender commits a separate violation for each alien brought to the United States for commercial or financial gain. *United States v. Ortega-Torres*, 174 F.3d 1199, 1201 (11th Cir. 1999).

*Ortega-Torres* controls. Stuart pleaded guilty to violating section 1324(a)(2)(B)(ii) three times by smuggling three aliens into the United States for financial gain. Each alien counted as a separate violation, *id.*, so Stuart was subject to the five-year mandatory

23-11760                Opinion of the Court                3

minimum on his third count of conviction. *See* 8 U.S.C. § 1324(a)(2). Stuart disagrees with our decision in *Ortega-Torres*, but that precedent controls our resolution of this issue. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).

Because the position of the United States is clearly correct as a matter of law, we grant the motion for summary affirmance. *Groendyke Transp., Inc.*, 406 F.2d at 1162.

**AFFIRMED.**