[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Sept. 15, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-17181
Non-Argument Calendar

_____

D. C. Docket No. 08-00195-CR-8-T-24MAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANKIE SEGARRA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

Before CARNES, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

This appeal presents a question of statutory interpretation; we must decide

whether the plain language of 18 U.S.C. § 924(c) either prohibits or requires

consecutive sentences where the defendant is convicted of both a drug and a

firearm offense.  In relevant part, § 924(c) provides:

> *Except to the extent that a greater minimum sentence is otherwise*
> *provided by this subsection or by any other provision of law,* any
> person who, during and in relation to any crime of violence or drug
> trafficking crime (including a crime of violence or drug trafficking
> crime that provides for an enhanced punishment if committed by the
> use of a deadly or dangerous weapon or device) . . . in furtherance of
> any such crime, possesses a firearm, shall, in addition to the
> punishment provided for such crime of violence or drug trafficking
> crime-- (i) be sentenced to a term of imprisonment of not less than 5
> years.

18 U.S.C. § 924(c)(1)(A) (emphasis added).  Section 924(c) further provides that,

"[n]otwithstanding any other provision of law - no term of imprisonment imposed

on a person under this subsection shall run concurrently with any other term of

imprisonment imposed on the person."  18 U.S.C. § 924(c)(1)(D)(ii).

In this case, Frankie Segarra pleaded guilty to possession with intent to

distribute 50 grams or more of crack, in violation of 21 U.S.C. § 841, and

possession of a firearm in furtherance of a drug-trafficking offense, in violation of

18 U.S.C. § 924(c).  The plea agreement contained a waiver of appeal provision

which barred a direct or collateral appeal unless, relevant to this appeal, (1) the

sentence imposed exceeded the guidelines range as determined by the court, or

(2) the sentence exceeded the statutory maximum.  Segarra was sentenced to 120

months' imprisonment for the § 841 offense and a mandatory 60-month term for

the § 924(c) offense, to be served consecutively. He challenges the imposition of consecutive sentences.

At issue in this case is the interpretation of § 924(c)(1)(A)'s prefatory "except" clause and the imposition of consecutive terms of imprisonment. Segarra asserts that, given this "except" clause, the plain language of § 924(c)(1)(A) prohibits consecutive sentences where the underlying offense carried a mandatory minimum that exceeded the minimum applicable to the firearm offense. He contends that the imposition of consecutive sentences therefore exceeded the statutory maximum sentence and the applicable guidelines range. The government argues that the appeal is barred by the terms of the waiver provision in the plea agreement. Upon review of the record and the parties' briefs, we conclude that the plain language of the statute mandates consecutive sentences and Segarra's claim is barred by the appeal waiver. Therefore, we dismiss the appeal.

We review questions of statutory interpretation de novo. United States v. Krawczak, 331 F.3d 1302, 1305 (11th Cir. 2003). "The first rule in statutory construction is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute. If the statute's meaning is plain and unambiguous, there is no need for further inquiry." United States v. Fisher, 289 F.3d 1329, 1337-38 (11th Cir. 2002) (internal quotation and

citation omitted). We will not "look at one word or term in isolation, but instead [will] look to the entire statutory context." United States v. Silva, 443 F.3d 795, 798 (11th Cir. 2006) (citing United States v. DBB, Inc., 180 F.3d 1277, 1281 (11th Cir. 1999)). We interpret a statute in a manner consistent with the plain language of the statute, unless doing so would lead to an absurd result. Id.

Segarra contends that the imposition of consecutive sentences was improper and resulted in a sentence that exceeded the statutory maximum. He claims, therefore, that his challenge to his sentence is not barred by the appeal waiver. In this case, however, Segarra faced a statutory maximum sentence of life imprisonment. See 21 U.S.C. § 841(b)(1)(A). Thus, Segarra's 180-month sentence is well within the statutory maximum and this argument is barred by the appeal waiver.

The plea agreement, however, also permits Segarra to appeal if the sentence imposed exceeds the guidelines range as determined by the court. Segarra contends that he may therefore appeal because the consecutive sentences resulted in an overall term of imprisonment that exceeded the guidelines range.

To determine whether the sentences exceeded the guidelines range, we must first consider whether the district court properly imposed consecutive sentences for the drug and firearm offenses.

As discussed above, Segarra was convicted of drug possession under § 841 and possession of a firearm under § 924(c). Violations of § 841 carry a mandatory minimum sentence of ten years' imprisonment. 21 U.S.C. § 841(b)(1)(A)(iii). Section 924(c) requires a 60-month term of imprisonment to be served consecutively. 18 U.S.C. § 924(c)(1)(A), (c)(1)(D)(ii).

Segarra contends that § 924's "except" language means that if his mandatory minimum sentence for the drug offenses is greater than the mandatory minimum for the firearm offense, the two sentences cannot run consecutively.

This court has not yet addressed this precise issue. And, although there is a circuit split, only one circuit has followed Segarra's interpretation. In United States v. Williams, the Second Circuit held that it was improper to sentence a defendant for both the § 841 mandatory minimum and the § 924(c) mandatory minimum under the statute's "except" clause. 558 F.3d 166 (2d Cir. 2009).[1] The court reasoned that the "except" clause should be read literally and the plain language of the statute dictated that the mandatory minimum would not apply to the firearm offense if any other provision of law required a higher mandatory minimum sentence. Williams, 558 F.3d at 169-70.

---

[1] Although Segarra cites United States v. Whitley, 529 F.3d 150 (2d Cir. 2008), that case is not directly on point, as the defendant in that case was convicted of two firearms offenses. In Williams, the Second Circuit extended Whitley to cases involving drug and firearm convictions, which more closely mirrors the facts of the instant appeal.

Every other circuit to address the issue has rejected the Second Circuit's interpretation.  See United States v. Easter, 553 F.3d 519 (7th Cir.) (affirming consecutive sentences for convictions under §§ 841 and 924(c)), petition for cert. filed, Nos. 08-9560, 08-10584 (Mar. 26 and May 20, 2009); United States v. Parker, 549 F.3d 5 (1st Cir. 2008);[2] United States v. Jolivette, 257 F.3d 581 (6th Cir. 2001) (upholding consecutive sentences for armed bank robbery and firearm convictions); United States v. Studifin, 240 F.3d 415 (4th Cir. 2001) (affirming sentences for robbery, § 924(c) offenses, and possession of a firearm by a convicted felon); United States v. Alaniz, 235 F.3d 386 (8th Cir. 2000) (affirming consecutive sentences for convictions of §§ 841 and 924(c)).

Upon review, we join the majority of circuits and hold that the consecutive sentences imposed here are proper.  Given the plain language of § 924(c), we do not interpret the "except" clause to limit consecutive sentences imposed for § 924(c) offenses and the underlying drug crimes.  See Easter, 553 F.3d at 526 (concluding it was illogical for the mandatory minimum sentence for a firearm offense to hinge on a mandatory minimum imposed for *any* other offense) (emphasis in original); Alaniz, 235 F.3d at 389 ("In other words, the sentences contained in (c)(1)(A) . . . apply 'except to the extent that a greater minimum

---

[2]  See also United States v. Pulido, 566 F.3d 52 (1st Cir. 2009) (rejecting Whitley and adhering to Parker).

6

sentence is otherwise provided by this subsection . . . .'").

This reading of the plain language is consistent with other portions of § 924(c), specifically, subsection (c)(1)(D)(ii), which provides that "no term of imprisonment . . . under this subsection shall run concurrently with any other term of imprisonment imposed. . . ." 18 U.S.C. § 924(c)(1)(d)(ii); see also Easter, 553 F.3d at 526 (explaining that § 924(c) creates a criminal activity rather than defining a sentencing enhancement, and courts must consider the language in § 924(c)(1)(D)(ii) that requires consecutive sentences). To read the statute as the Second Circuit did would ignore § 924(c)(1)(D)(ii). See Easter, 553 F.3d at 526. Accordingly, considering the entire statute in context, we conclude the plain language dictates consecutive sentences.

Because the consecutive sentences imposed were mandatory and the term of imprisonment for the firearm offense was set by statute, the sentence imposed did not exceed the statutory maximum permitted or the applicable guidelines range; thus Segarra's argument on appeal does not fit within any of the appeal waiver exceptions. Importantly, Segarra does not contend that the appeal provision was involuntary or that he did not enter into the agreement knowingly. Therefore, we dismiss this appeal as barred by the appeal waiver.

**APPEAL DISMISSED.**

7