[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14984
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 11, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00441-CV-CC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HECTOR CHAVEZ,
a.k.a. Adan Valencia,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 11, 2010)

Before TJOFLAT, BIRCH and MARTIN, Circuit Judges.

PER CURIAM:

On March 16, 2009, appellant pled guilty to three counts of an indictment:

Count One, conspiracy to posses with intent to distribute at least five kilograms of cocaine, in violation of 21U.S.C. § 846; Count Two, attempt to possess with intent to distribute at least five kilograms of cocaine, in violation of § 846; Count Three, possession of a firearm in furtherance of the crimes alleged in Counts One and Two, in violation of 18 U.S.C. § 924(c). And on September 25, 2009, the district court sentenced appellant on Counts One and Two to concurrent prison sentences of 120 months, the statutory mandatory minimums, and on Count Three to a consecutive prison sentence of 60 months, as required by statute. He now appeals his Count Three sentence, arguing that it should not have been imposed consecutively to the other sentences.

Appellant contends that based on case law from the Second Circuit, because of the "except" clause of § 924(c)(1)(A) and the ten-year mandatory minimum sentence for the Counts One and Two crimes, the consecutive five-year minimum sentence for violating § 924(c) does not apply to him. However, he acknowledges that we have expressly rejected this argument in *United States v. Segarra*, 582 F.3d 1269, 1271-73 (11th Cir. 2009), *petition for cert. filed*, (U.S. Jan. 8, 2010) (No. 09-8536), and that he is raising the issue only to preserve it for further review.

We review questions of statutory interpretation *de novo*. *Segarra*, 582 F.3d at 1271. In relevant part, 18 U.S.C. § 924(c) provides:

2

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime — (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A).  Section 924(c) further provides that, "[n]ot withstanding any other provision of law – no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person."  18 U.S.C. § 924(c)(1)(D)(ii).

A panel of this court has held that § 924(c) requires consecutive sentences even where the mandatory minimum sentence for a defendant's drug offense is greater than the mandatory minimum for the firearm offense.  *Segarra*, 582 F.3d at 1272.  In this circuit, a panel is bound by a prior panel decision even if it is convinced that the prior decision is wrong.  *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*).  It must follow that prior panel decision until such time as the decision is overruled by either this court sitting *en banc* or the Supreme Court.  *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997).

Here, because *Segarra* has not been overruled by either this court sitting *en banc* or the Supreme Court, we are bound to apply it.  *See Cargill*, 120 F.3d at 1386.  Therefore, the  district court properly imposed a five-years" consecutive

3

sentence on Count Three.

AFFIRMED.