[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15276
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 27, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00103-CR-J-25JRK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RANDY DEWITT GADSON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(July 27, 2010)

Before BLACK, HULL and ANDERSON, Circuit Judges.

PER CURIAM:

Randy Dewitt Gadson, Jr. appeals his convictions and sentences for possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(e), possession with intent to distribute cocaine, in violation of 21 U.S.C § 841(a)(1), (b)(1)(C), and possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1). On appeal, Gadson argues: (1) the district court erred in denying his motion to suppress because Deputy Tolbert lacked probable cause to make an arrest, and (2) the imposition of consecutive mandatory minimum sentences for firearms offenses that resulted from the use of a single gun violates the except clause of 18 U.S.C. § 924(c)(1)(A). Upon review of the record and the parties briefs, we find no error.[1]

## I.

On appeal, Gadson argues the district court erred in crediting Tolbert's testimony that he was aware of Gadson's status as a felon at the time of the arrest. Gadson contends the district court erred in denying his motion to suppress because Tolbert lacked probable cause to arrest him.

We accept a district court's credibility determinations unless they are clearly erroneous. *United States v. White*, 593 F.3d 1199, 1202 (11th Cir. 2010). A

---

[1] We review a district court's findings of fact on a motion to suppress evidence for clear error, and the district court's application of the law to those facts *de novo*. *United States v. Tokars*, 95 F.3d 1520, 1531 (11th Cir. 1996). We review questions of statutory interpretation *de novo*. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).

factfinder's choice between two permissible views of the evidence cannot be clearly erroneous. *United States v. McPhee*, 336 F.3d 1269, 1275 (11th Cir. 2003). Thus, a district court's choice of whom to believe is entitled to deference unless the court credited exceedingly improbable testimony that is either "contrary to the laws of nature," or so "inconsistent or improbable on its face that no reasonable factfinder could accept it." *United States v. Ramirez-Chilel*, 289 F.3d 744, 749-50 (11th Cir. 2002) (quotation omitted).

Tolbert's testimony that he was aware Gadson was a felon and a member of the drug game in his small community is not contrary to the laws of nature or ordinary human experience. *Ramirez-Chilel*, 289 F.3d at 749-50. The district court did not clearly err in crediting this testimony, and its findings of fact are entitled to deference. *Id*. at 750. Accordingly, Gadson's arrest was based on probable cause under the totality of the circumstances, and the district court did not err in denying Gadson's motion to suppress. *See United States v. Street*, 472 F.3d 1298, 1305 (11th Cir. 2006) (stating probable cause exists "when the facts and circumstances within the officer's knowledge, of which he or she has reasonably trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed . . . an offense"). Gadson's convictions are affirmed.

3

II.

In relevant part, 18 U.S.C. § 924(c) provides:

> Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime — (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). Section 924(c) further provides that, "[n]ot withstanding any other provision of law - no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed . . . ." 18 U.S.C. § 924(c)(1)(D)(ii).

At the time Gadson was sentenced, we had interpreted the except clause of § 924(c) only to hold that the clause requires consecutive sentences where the mandatory minimum sentence for a defendant's drug offense is greater than the mandatory minimum for the firearm offense. *United States v. Segarra*, 582 F.3d 1269, 1272-73 (11th Cir. 2009). After Gadson was sentenced, however, the holding in *Segarra* was extended to affirm a district court's imposition of consecutive sentences for each of a defendant's firearms convictions under § 924(c)(1)(A). *United States v. Tate*, 586 F.3d 936, 946-47 (11th Cir. 2009).

4

The district court did not err in imposing a consecutive sentence of 60 months for Gadson's § 924(c)(1) conviction. As Gadson recognizes, this Court is bound to apply *Segarra* and *Tate* because they have not been overruled by either this Court sitting *en banc* or the U.S. Supreme Court. *Cargill v. Turpin*, 120 F.3d 1366, 1386 (11th Cir. 1997). Accordingly, we affirm Gadsons's total sentence of 240 months.

**AFFIRMED.**