[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12845
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 8, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-20964-PAS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JESUS BARRERA-AVILA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(December 8, 2010)

Before HULL, MARTIN and KRAVITCH, Circuit Judges.

PER CURIAM:

Jesus Barrera-Avila appeals the 322-month total sentence he received

following his conviction for conspiracy to interfere with commerce by threats or

violence by robbery, 18 U.S.C. § 1951(a), conspiracy to possess with intent to distribute five kilograms or more of cocaine, 21 U.S.C. § 846, and possession of a firearm in furtherance of a crime of violence or a drug-trafficking crime, 18 U.S.C. § 924(c)(1)(A). On appeal, Barrera-Avila argues that the district court erred by applying the five-year consecutive mandatory minimum sentence under § 924(c) in addition to the ten-year mandatory minimum sentence he received for the § 846 offense.

We review questions of statutory interpretation *de novo*. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009), *cert. denied*, 2010 WL 111551 (Nov. 29, 2010). Section 924(c) provides that

> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). In *Segarra*, we rejected the argument that the five-year consecutive mandatory minimum could not be applied when the defendant faced a greater mandatory sentence for a drug offense.[1] 582 F.3d at 1273.

---

[1] The Supreme Court recently affirmed our interpretation of the "except" clause. *See Abbott v. United States*, 562 U.S. __, 2010 WL 4569898 (Nov. 15, 2010).

Because *Segarra* forecloses Barrera-Avila's argument, the district court properly applied § 924(c)'s five-year consecutive mandatory minimum sentence.

**AFFIRMED.**