[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12423
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 8:08-cr-00005-RAL-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELOY MARTINEZ-DEMPWOLF,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 4, 2011)

Before DUBINA, Chief Judge, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Appellant Eloy Martinez-Dempwolf appeals his 168-month total sentence

for possessing with intent to distribute 50 grams or more of methamphetamine, in

violation of 21 U.S.C. § 841(b)(1)(B) (Count 1); possessing with intent to distribute a detectable amount of cocaine, in violation of 21 U.S.C. § 841(b)(1)(C) (Count 2); and possessing a firearm in the furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 3). The district court sentenced Martinez-Dempwolf to 108 months' imprisonment as to Counts 1 and 2, to run concurrently, and 60 months' imprisonment as to Count 3, to run consecutively to Counts 1 and 2.

Martinez-Dempwolf first argues that his sentences were substantively unreasonable because he did not know the purity of the methamphetamine he possessed, and other defendants receive lower sentences for simply possessing a mixture containing methamphetamine. Further, he argues that the district court did not consider the totality of the circumstances before sentencing him. Martinez-Dempwolf also argues that, under the "except" clause of 18 U.S.C. § 924(c), his minimum-guideline-range sentence of 108 months' imprisonment on Counts 1 and 2 precluded his consecutive 5-year sentence on Count 3.

I. Substantive Reasonableness

We review a final sentence for reasonableness, applying the abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597, 169 L. Ed. 2d 445 (2007). In determining whether a sentence is

reasonable, we first review for procedural error, and then review the sentence's substantive reasonableness. *United States v. Wayerski*, 624 F.3d 1342, 1353 (11th Cir. 2010). "Substantive reasonableness involves examining the totality of the circumstances and whether the sentence is supported by the sentencing factors outlined in [18 U.S.C.] § 3553(a)." *Id.* Those factors include: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence imposed to reflect the seriousness of the offense, to afford adequate deterrence, and to protect the public from future crimes of the defendant; and (4) the need to avoid unwarranted sentencing disparities among defendants with similar histories who have committed similar conduct. 18 U.S.C. § 3553(a). The weighing of the § 3553(a) factors is within the court's discretion, so long as the court has made no clear error of judgment. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir.) (*en banc*) (reviewing government appeal of downward variance), *petition for cert. filed*, 79 U.S. L W. 3361 (U.S. Nov. 24, 2010) (No. 10-727).

First, contrary to Martinez-Dempwolf's argument, the Sentencing Guidelines instruct district courts to consider the purity of the methamphetamine a defendant possessed when calculating the defendant's base offense level. *See* U.S.S.G. § 2D1.1(c) n.(B). Second, a defendant is responsible for the amount of

3

drugs he possessed, regardless of his knowledge or lack of knowledge of the actual amount. Finally, the district court considered the totality of the circumstances and did not clearly err in weighing the § 3553(a) statutory factors before sentencing Martinez-Dempwolf. Thus, we conclude from the record that the sentences imposed on Martinez-Dempwolf were substantively reasonable.

## II.     18 U.S.C. § 924(c) Mandatory Minimum

When the appellant fails to raise an objection at sentencing, we review for plain error. *United States v. Massey*, 443 F.3d 814, 818 (11th Cir. 2006). Plain error requires a legal error that is plain, and that affects the substantial rights of the appellant. *United States v. Pielago*, 135 F.3d 703, 708 (11th Cir. 1998). We may exercise our discretion to correct a plain error if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See United States v. Olano*, 507 U.S. 725, 736, 113 S. Ct. 1770, 1779, 123 L. Ed. 2d 508 (1993).

The "except" clause of § 924(c) states that:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of

4

violence or drug trafficking crime--

> (i) be sentenced to a term of imprisonment of not less than 5 years[.]

18 U.S.C. § 924(c)(1)(A).

The Supreme Court has held that Congress meant the "except" clause to provide that, "if another provision of the United States Code mandates a punishment for using, carrying, or possessing a firearm in connection with a drug trafficking crime or crime of violence, and that minimum sentence is longer than the punishment applicable under § 924(c), then the longer sentence applies." *Abbott v. United States*, 562 U.S. __, 131 S. Ct. 18, 29, 178 L. Ed. 2d 348 (2010) (internal quotation marks and alteration omitted); *see United States v. Segarra*, 582 F.3d 1269, 1272-73 (11th Cir. 2009) (affirming consecutive sentences for convictions under §§ 841 and 924(c), *cert. denied,* 131 S. Ct. 633 (2010)).

Martinez-Dempwolf's argument is foreclosed by the Supreme Court's holding in *Abbott*. Accordingly, we conclude that the district court did not commit plain error in sentencing him to a consecutive term of 60 months' imprisonment under § 924(c).

For the above-stated reasons, we affirm Martinez-Dempwolf's 168-month total sentence.

**AFFIRMED.**