[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14874
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 9, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-60052-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE BAEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 9, 2011)

Before TJOFLAT, CARNES and FAY, Circuit Judges.

PER CURIAM:

Jorge Baez appeals his sentences for: (1) conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846; (2) conspiracy to interfere with commerce by robbery, in violation of 18 U.S.C. § 1951(a); (3) carrying and using a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A); and (4) possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). On appeal, Baez argues that the district court erred in concluding that it had to impose a five-year consecutive sentence for his conviction under § 924(c)(1)(A). He maintains that the mandatory minimum in § 924(c) did not apply to his case because he faced a greater mandatory minimum sentence for his drug conspiracy conviction. Baez acknowledges, however, that his argument is foreclosed by *United States v. Segarra*, 582 F.3d 1269 (11th Cir. 2009). For the reasons stated below, we affirm.

"We review questions of statutory interpretation *de novo*." *Segarra*, 582 F.3d at 1271. Under the prior panel precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*." *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).

In relevant part, § 924(c) provides:

Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, any

person who, during and in relation to any crime of violence or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime— (i) be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A). Section 924(c) further states that the sentence imposed under § 924(c) must run consecutively to any other term of imprisonment imposed on the defendant. 18 U.S.C. § 924(c)(1)(D)(ii).

In *Segarra,* we concluded that the plain language of § 924(c)(1)(A) requires a consecutive sentence where the defendant is subject to mandatory minimum sentences for both a § 924(c) offense and an underlying drug offense. *Segarra*, 582 F.3d at 1272-73. Recently, in *Abbot v. United States*, the Supreme Court affirmed our interpretation of § 924(c)(1)(A). *Abbott,* 562 U.S. ___, ___, 131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010). The Supreme Court held that the statute's "except" clause only applies where "another provision of law directed to conduct proscribed by § 924(c) imposes an even greater mandatory minimum." *Id.* at ___, 131 S.Ct. at 23. Thus, the "except" clause does not prohibit consecutive sentences when a defendant is subject to a mandatory minimum under both § 924(c) and a drug statute.

Baez's argument that he should not have received a consecutive sentence

3

under § 924(c) is squarely foreclosed by *Segarra* and *Abbott*.  Accordingly, after review of the record and the parties' briefs, we affirm Baez's sentences.

**AFFIRMED.**