[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13453
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 3, 2011
JOHN LEY
CLERK

D. C. Docket No. 09-20143-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE VALDES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 3, 2011)

Before BARKETT, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Jorge Valdes appeals his total sentence of 228 months' imprisonment, imposed after he pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A)(ii) ("Count 1"), one count of conspiracy to interfere with commerce by means of robbery, in violation of 18 U.S.C. § 1951(a) ("Count 3"), and one count of possessing a firearm during and in relation to, and in furtherance of, a crime of violence and a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) ("Count 6").

Valdes first argues that the court erred by imposing a mandatory five-year sentence, pursuant to 18 U.S.C. § 924(c), consecutively to the sentence imposed on the other two counts, because there was a ten-year statutory mandatory minimum for the underlying drug offense, which he argues replaced and eliminated the mandatory minimum five-year sentence. Alternatively, he argues that the court erred in ruling that the sentence imposed under § 924(c) was required to run consecutively to (a) the entire sentence imposed for the other counts, rather than (b) the statutory mandatory minimum for the underlying drug offense.

The interpretation of a criminal statute is a question of law that we review *de novo*. *See United States v. Murrell*, 368 F.3d 1283, 1285 (11th Cir. 2004). Section 924(c)(1)(A) states that:

*Except to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law*, any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . . be sentenced to a term of imprisonment of not less than 5 years.

18 U.S.C. § 924(c)(1)(A) (emphasis added). Section 924(c) further provides that, "[n]otwithstanding any other provision of law . . . no term of imprisonment imposed on a person under this subsection shall run concurrently with any other term of imprisonment imposed on the person, including any term of imprisonment imposed for the crime of violence or drug trafficking crime during which the firearm was used, carried, or possessed." 18 U.S.C. § 924(c)(1)(D)(ii).

Valdes's argument is now foreclosed by the Supreme Court's recent decision in *Abbott v. United States*, 562 U.S. ___, ___,131 S.Ct. 18, 23, 178 L.Ed.2d 348 (2010), in which the Court held, in accord with our prior circuit precedent in *United States v. Segarra,* 582 F.3d 1269 (11th Cir. 2009), that "a defendant is subject to a mandatory, consecutive sentence for a § 924(c) conviction, and is not spared from that sentence by virtue of receiving a higher mandatory minimum on a different count of conviction." This is because § 924(c) prescribes a discrete sentence that must be imposed in addition to the sentence received for a separate conviction, and the "except" clause is triggered only when

3

another statutory provision requires a longer term for conduct violating § 924(c). *Abbott*, 562 U.S. at ___,131 S.Ct. at 23. Accordingly we see no error in the district court's imposition of consecutive five-year sentence as required by § 924(c).

Valdes also argues that the court clearly erred in denying him a minor-role adjustment and abused its discretion by imposing a procedurally and substantively unreasonable sentence. The district court's determination that a defendant does not qualify for a minor-role reduction is a factual finding which is reviewed for clear error. *United States v. DeVaron*, 175 F.3d 930, 934, 937 (11th Cir. 1999) (*en banc*). Section 3B1.2 of the Guidelines provides for a reduction in a defendant's offense level if he played a minor role in the offense. U.S.S.G. § 3B1.2 (b). This requires that the defendant was substantially less culpable than the average participant. *Id.*, comment. (n.3). The proponent of the reduction bears the burden of establishing his minor role in the offense by a preponderance of the evidence. *DeVaron*, 175 F.3d at 934.

In *DeVaron*, we held that two legal principles should guide the district court in its fact-finding endeavor. *Id.* at 934. First, the district court should measure the defendant's role against his relevant conduct, that is, the conduct for which he has been held accountable at sentencing. *Id.* at 934, 945. Second, where the record is sufficient, the district court may also measure the defendant's conduct against that

of other participants in the criminal scheme attributed to the defendant. *Id.* at 934, 945.

Although the district court recognized that Valdes did less in the conspiracy, it was concerned that it had not granted a minor role reduction to one other of Valdes's co-conspirator's, Luis Valle, who also was brought in to the conspiracy on the last day. Valdes argues that it was improper and procedurally unreasonable for the district court to refuse to grant him a two-level minor role reduction based on a concern about an unwarranted sentencing disparity between himself and Valle. We agree that it would be improper to deny Valdes a minor role reduction simply because a co-conspirator was not granted one. First, Valle never asked for a minor role reduction. Second, a disparity in sentencing is not a reason to deny a minor role reduction as the very purpose of this reduction is precisely to give a disparate sentence from that given to those more culpable. However, in addition to those comments which might indicate that sentencing disparity was the sole reason, the district court also noted its belief that Valdes's role in the offense was not minor and there were other reasons to support that conclusion. Accordingly, we cannot say that the district court clearly erred in denying this reduction. We also find no procedural or substantive error in the sentence.

**AFFIRMED.**