[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-14247
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JANUARY 24, 2012
JOHN LEY
CLERK

D.C. Docket No. 5:11-cr-00011-RS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELIZABETH SHANKS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 24, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Elizabeth Shanks appeals her conviction for aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1). On appeal, she argues that the district court erred in denying her motion for a judgment of acquittal because the use of a

person's name on forged checks does not constitute the use of a means of identification as prohibited under § 1028A(a)(1). For the reasons set forth below, we affirm her conviction.

## I.

Shanks was previously employed at C-Miles Construction, which was owned by Roger Granger. While employed at C-Miles Construction, Shanks forged Granger's signature on 211 checks that she issued to herself, totaling $120,789.49. Granger had not signed those checks, authorized Shanks to sign the checks, or authorized Shanks to issue the checks to herself. When interviewed by law enforcement officers, Shanks ultimately admitted to forging Granger's signature and issuing the checks to herself without permission.

A federal grand jury indicted Shanks for five counts of bank fraud, in violation of 18 U.S.C. § 1344(2) (Counts 1-5); two counts of making, uttering, and possessing securities of an organization, in violation of 18 U.S.C. § 513(a) (Counts 6-7); and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1) (Count 8). Count 8 charged that Shanks knowingly possessed and used, "without lawful authority, a means of identification of another person, that is the name and signature of" Granger, in connection with the bank fraud charged in Counts 1-5.

Shanks filed an amended motion for a judgment of acquittal on Count 8. She argued that forging Granger's name on checks was forgery, but not aggravated identity theft. She noted that the definition of a "means of identification" was contained in 18 U.S.C. § 1028(d)(7) and was defined as "any name or number . . . used, alone or in conjunction with any other information, to identify a specific individual, including any" access device as defined in 18 U.S.C. § 1029(e). Moreover, the definition of "access device" in § 1029(e) explicitly excluded checks, which meant that checks were not a means of identification. She argued that this conclusion was consistent with a common sense understanding of what constituted a means of identification. For four reasons, Shanks argued that it was evident that Congress intended that courts would consider the definition of "access device" in determining whether a means of identification was used in a crime. First, the Sentencing Commission did not consider a forged check a means of identification. Second, if courts did not consider the meaning of "access device," they would not be giving meaning to every clause in the statute. Third, depositing a forged check involved using the check, not the account-holder's name, to commit a crime. Fourth, to find otherwise would be inconsistent with Congress's intent not to replace state efforts to fight fraud. Shanks also relied on the Fifth Circuit decision of *United States v. Hughey*, 147 F.3d 423 (5th Cir. 1998), to argue

3

that, because she did not use Granger's name in addition to depositing forged checks, her conduct did not fall within the scope of activities that Congress intended to qualify as aggravated identity theft.

The government responded first that the plain language of § 1028A encompassed Shanks's conduct because she used Granger's name and signature as a means of identification to commit the felony of bank fraud. Specifically, § 1028(d)(7), which the government agreed provided the definition for "means of identification," included four subsections, which were connected by the disjunctive "or." The four subsections thus gave alternative definitions of the term "means of identification." Congress clearly intended the use of a name to qualify as the use of a means of identification, as it listed the word "name" in both the introductory paragraph of § 1028(d)(7) and in § 1028(d)(7)(A). Finally, as to the Sentencing Commission's definition of a "means of identification," the government argued that Shanks cited a section of the Sentencing Guidelines that was inapplicable in her case.

The district court held a bench trial to address Shanks's arguments as to Count 8. Shanks argued that § 1028(d)(7) included four examples to define the term "means of identification," one of which was an access device. The term "access device" was defined in § 1029(e), and the definition explicitly excluded

4

checks. Shanks acknowledged that the government was arguing that she had used Granger's name to commit the offense. However, relying on arguments she had presented in her motion for a judgment of acquittal, she argued that the government's argument could not stand. She further asserted that it would be absurd to include checks as means of identification just because they were signed even though the statute expressly excluded checks. The court agreed that checks were excluded from the definition of "access device," but stated that they were not excluded from the definition of "means of identification."

The government then argued that *Hughey* was inapplicable, as it dealt with § 1029 rather than § 1028A, and it was decided before § 1028A existed. Congress enacted § 1028A to expand the definition of identity theft and to increase the punishments available for identity theft crimes. As to the language of the statute, § 1028A listed four ways for conduct to qualify as aggravated identity theft, and in this case, using a name as a means of identification qualified. The name, not the check, was the means of identification. Shanks used her boss's identity to issue checks.

The court denied Shanks's motion for a judgment of acquittal and found her guilty of Count 8 because the statute included using a forged signature on a check. Pursuant to a written plea agreement, Shanks pleaded guilty to Counts 2-7, and the

government dismissed Count 1.  The court sentenced Shanks to 6 months'

imprisonment for Counts 2-7, to be served concurrently, and to 24 months'

imprisonment for Count 8, to be served consecutively to the term for Counts 2-7.

## II.

We review *de novo* questions of statutory interpretation.  *United States v.*

*Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).  "The first rule in statutory

construction is to determine whether the language at issue has a plain and

unambiguous meaning with regard to the particular dispute."  *Id.* (quotation

omitted).  If so, we need not inquire further.  *Id.*  We look at the entire statutory

context rather than to words in isolation.  *Id.*  "We interpret a statute in a manner

consistent with the plain language of the statute, unless doing so would lead to an

absurd result."  *Id.*

The aggravated identity theft statute prohibits the knowing transfer,

possession, or use, without lawful authority, of "a means of identification of

another person," in relation to a violation of 18 U.S.C. § 1344, the bank fraud

statute.  18 U.S.C. § 1028A(a)(1), (c)(5).  "Means of identification" is defined as:

> any name or number that may be used, alone or in conjunction with
> any other information, to identify a specific individual, including
> any—
>
> > (A) name, social security number, date of birth, official State or

6

government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number;

(B) unique biometric data, such as fingerprint, voice print, retina or iris image, or other unique physical representation;

(C) unique electronic identification number, address, or routing code; or

(D) telecommunication identifying information or access device (as defined in [18 U.S.C. § 1029(e)]).

*Id.* § 1028(d)(7). Section 1029 addresses fraud related to access devices. *Id.* § 1029. "Access device" is defined as:

any card, plate, code, account number, electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier, or other means of account access that can be used, alone or in conjunction with another access device, to obtain money, goods, services, or any other thing of value, or that can be used to initiate a transfer of funds (other than a transfer originated solely by paper instrument).

*Id.* § 1029(e)(1). Section 1028(i) states that in construing § 1028(a)(7), a document containing one or more means of identification should be considered one means of identification. *Id.* § 1028(i).

In *Hughey*, the appellant was charged with violating 18 U.S.C. § 1029(a)(2), (b)(1). 147 F.3d at 433. The Fifth Circuit held that the language in § 1029(e)(1) excluding transfers originated by paper instrument meant that § 1029 did not

7

encompass crimes relating to passing bad checks. 147 F.3d at 434.

Finally, the Sentencing Guidelines allow for an enhancement where the offense involved "the unauthorized transfer or use of any means of identification unlawfully to produce or obtain any other means of identification." U.S.S.G. § 2B1.1(b)(10)(C)(i). The commentary notes that forging a signature on a check "is not producing another means of identification." *Id.* § 2B1.1, comment. (n.9(C)(iii)(II)). Additionally, the term "means of identification" is given the same meaning as in 18 U.S.C. § 1028(d)(7). U.S.S.G. § 2B1.1, comment. (n.1).

Here, the district court correctly interpreted § 1028(d)(7) in denying Shanks's motion for a judgment of acquittal. The plain language of the statute lists several definitions of a "means of identification" in the disjunctive, such that a means of identification may be, among other things, a name, fingerprint, routing code, or access device. *See* 18 U.S.C. § 1028(d)(7)(A)-(D). Accordingly, simply failing to satisfy the definition of "access device" does not end the analysis with respect to a "means of identification." A name of a specific individual will satisfy the definition of "means of identification" even if it does not satisfy the definition of "access device." *See id.* § 1028(d)(7)(A). Therefore, that checks (transfers originated by paper instruments) are excluded from the definition of "access device" does not mean that a forged name on a check cannot be a means of

8

identification under § 1028A.  Moreover, the indictment explicitly charged Shanks with using "the name and signature of" Granger, not an access device, as a means of identification.

Shanks argues that allowing forgery cases such as hers to be prosecuted as aggravated identity theft would render meaningless the exclusion of checks from the definition of "access device."  However, her argument incorrectly assumes that the definition of "means of identification" in § 1028(d)(7) is the only statutory provision in which the term "access device" appears.  The term also appears numerous times in the substantive criminal provisions of § 1029, and the exclusion of checks undoubtedly applies to each such instance of the term "access device." *See generally* 18 U.S.C. § 1029.

Shanks also relies on *Hughey*, § 1028(i), and U.S.S.G. § 2B1.1(b)(10)(C)(i), all of which are inapplicable here.  First, *Hughey* would be inapplicable even if it was binding precedent.  The appellant in *Hughey* was charged with violating § 1029(a)(2), (b)(1), not § 1028A, and the Court in *Hughey* did not address whether using another person's name in a forged signature satisfied the definition of a "means of identification" in § 1028(d)(7).  *See generally* 147 F.3d at 433-34. Rather, the Fifth Circuit in *Hughey* merely held that passing bad checks was not a crime encompassed by § 1029, which prohibits fraud in connection with access

9

devices.  *See* 147 F.3d at 434.  As discussed above, this holding has no bearing here because the use of Granger's name independently satisfies the definition of a "means of identification" in § 1028(d)(7)(A) even if it does not satisfy the definition of an "access device" in § 1029(e)(1).  Next, the rule of construction addressing identification documents in § 1028(i) is inapplicable here because § 1028(i) explicitly states that it is relevant to § 1028(a)(7), a section that is not at issue in this case.  *See* 18 U.S.C. § 1028(i).  Shanks's argument that the Sentencing Guidelines support her position is similarly misplaced.  Although the commentary for U.S.S.G. § 2B1.1 does exclude forging a signature on a check from the meaning of "producing another means of identification," it does not similarly disqualify forging a signature from constituting a means of identification. *See id.* § 2B1.1, comment. (n.1, 9(c)(iii)(II)).  As there has been no allegation that Shanks produced another means of identification by forging Granger's signature, this commentary has no bearing on this case.  Moreover, the commentary for § 2B1.1 explicitly incorporates the definition in § 1028(d)(7) for "means of identification," which, as discussed above, includes the use of a name.  *See* U.S.S.G. § 2B1.1, comment. (n.1).

For the foregoing reasons, we affirm Shanks's conviction for aggravated identity theft under 18 U.S.C. § 1028A(a)(1).

**AFFIRMED.**

10