[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 20-12229

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TRENTAVIUS ARLINE,
a.k.a. Trent Arline,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 1:09-cr-00026-WLS-TQL-1

_____

Before LUCK, LAGOA, and BLACK, Circuit Judges.

PER CURIAM:

Trentavius Arline, convicted in 2010 of possession with intent to distribute crack cocaine within 1,000 feet of a public housing facility in violation of 21 U.S.C. §§ 841(b)(1)(C) and 860(a), appeals the denial of his motion for relief under the First Step Act § 404(b), Pub. L. No. 115-391, 132 Stat. 5194, 5222. He contends the statutory penalties set in § 860(a) are defined by reference to § 841(b) as a whole, and thus offenses under § 860(a) are "covered offenses" under the First Step Act § 404(b), irrespective of which subsection of § 841(b) the offense incorporates. After review,[1] we affirm the district court.

Under the pre-2010 version of 21 U.S.C. § 841(b)(1)(A), a violation under 21 U.S.C. § 841(a) carried a mandatory-minimum penalty of 10 years' imprisonment if the offense involved at least 50 grams of crack cocaine. And under the pre-2010 version of the next provision, § 841(b)(1)(B), a § 841(a) violation carried a mandatory-minimum penalty of 5 years' imprisonment if the offense involved at least 5 grams of crack cocaine. By contrast, the pre-2010 version of § 841(b)(1)(C) imposed "a third penalty—possession

---

[1] We review *de novo* questions of statutory interpretation. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009). Likewise, we review *de novo* whether a district court had the authority to modify a term of imprisonment. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).

with intent to distribute an unspecified amount of a schedule I or II drug—that" had a maximum penalty of 20 years' imprisonment, "did not depend on drug quantity, and did not include a mandatory minimum." *Terry v. United States*, 141 S. Ct. 1858, 1859 (2021). Under 21 U.S.C. § 860(a), individuals who violate § 841(a) within 1,000 feet of a public housing facility are subject to "twice the maximum punishment authorized by [§] 841(b)" and a mandatory minimum sentence of one year, unless the minimum sentence imposed by § 841(b) is greater than one year.

In *Terry*, the Supreme Court held that § 841(b)(1)(C) offenses were not "covered offenses" under the First Step Act § 404. 141 S. Ct. at 1860. The Court explained that whether an offense was covered under the First Step Act turned on whether the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, reduced the penalties corresponding to the particular elements of the offense. *Id.* at 1862. Thus, the court stated that § 841(a) and (b), before 2010, created three distinct offenses: one for the knowing or intentional possession with intent to distribute or distribution of at least 50 grams of crack cocaine, § 841(a), (b)(1)(A)(iii); one for knowing or intentional possession with intent to distribute or distribution at least 5 grams of crack cocaine, § 841(a), (b)(1)(B)(iii); and one for knowing or intentional possession with intent to distribute or distribution of any amount of a schedule I or II drug, § 841(a), (b)(1)(C). *Id.* By increasing the "triggering quantities" for each of the first two offenses, the Fair Sentencing Act "modified" the penalties for those offenses, but it made no change to the

penalties for the final offense, and thus that offense was not covered by the First Step Act. *Id.* at 1863. The Supreme Court rejected the defendant's argument that the First Step Act applied to all violations of § 841(a) involving crack cocaine because the Fair Sentencing Act "changed the penalty scheme" for those offenses. *Id.* (quotation marks omitted). Rather, it said that the language of the First Step Act "directs our focus to the statutory penalties for the petitioner's *offense*, not the statute or statutory scheme." *Id.* (emphasis in original).

The district court did not err in concluding Arline was not eligible for relief under the First Step Act. To the extent Arline argues the penalty imposed by § 860(a) is defined by reference to the provisions of § 841(b)(1)(A)(iii) and (b)(1)(B)(iii), that is incorrect. The penalty for his offense was set by § 841(b)(1)(C), which covered offenses involving unspecified amounts of crack cocaine, separately from the 5-year and 10-year mandatory minimum amounts set in § 841(b)(1)(A) and (b)(1)(B). *See* 21 U.S.C. § 841(b)(1)(C) (governing crack cocaine offenses "except as provided in subparagraphs (A) [and] (B)").

Although *Terry* did not address a situation where, as here, a defendant was charged and sentenced under 21 U.S.C. § 860(a) for committing a drug offense within 1,000 feet of housing owned by a public housing authority, or any other property described therein, we conclude this result is consistent with its reasoning. Section 860(a) essentially establishes three discrete offenses which have the elements of the offenses described in *Terry*, and the added

element that they are committed within 1,000 feet of a public housing facility. Thus, just as in *Terry*, the two offenses defined by §§ 841(a), (b)(1)(A)(iii), (b)(1)(B)(iii) and 860(a) were modified by the Fair Sentencing Act, because the "triggering quantity" of crack cocaine for each of those offenses was increased. *See Terry*, 141 S. Ct. at 1862-63. Contrariwise, no element of the offense defined by § 841(a), (b)(1)(C), and 860(a) was modified, added, or eliminated by the Fair Sentencing Act.

Arline seeks to avoid this extension of *Terry*'s logic by arguing that § 860(a) "incorporates subsection 841(b) as a whole." But *Terry* establishes the fact that an element's offenses are spread across multiple sections or subsections of the U.S. Code is not relevant. *See Terry*, 141 S. Ct. at 1862. The proper inquiry is whether the offense—defined by its elements—was modified by the Fair Sentencing Act. *See id.* Arline defines his offense as "distributing crack cocaine within 1,000 feet of a specific location" and argues the penalties for this offense were modified because § 860 refers to the penalties "authorized by [§] 841(b)," which were themselves modified. However, this argument ignores the crucial point that the offense, even as Arline defines it, includes no quantity element—the precise parts of § 841(b)(1)(A)(iii) and (b)(1)(B)(iii) that were changed by the Fair Sentencing Act. Further, his indictment did not include any specific drug amount, and although he agreed to a drug amount of "at least 500 milligrams but less than 1 gram" for sentencing, his sentence was not enhanced based on that.

The only distinctions between the offense defined by § 841(a) and (b)(1)(C) and Arline's offense are the addition of the location element, the addition of a 1-year minimum, and the doubling of the maximum penalty—none of which was affected by the Fair Sentencing Act and none of which was important to the Court's decision in *Terry*. Thus, the analysis in *Terry* applies to § 860(a) exactly as it applied to § 841(b)(1)(C), which means that Arline was not sentenced for a "covered offense" within the meaning of the First Step Act § 404. For this reason, the district court correctly held that Arline was ineligible for a sentence reduction. Accordingly, we affirm.

**AFFIRMED.**