[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-10943

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ISMAEL CAMACHO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:96-cr-00443-JEM-6

_____

2                    Opinion of the Court                    21-10943

_____

No. 21-11753

Non-Argument Calendar

_____

ISMAEL CAMACHO,

                                        Petitioner-Appellant,

*versus*

UNITED STATES OF AMERICA,

                                        Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:19-cv-24658-JEM

_____

Before ROSENBAUM, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Ismael Camacho was convicted in 1998 for his part in a string of brutal kidnappings. The jury convicted him on ten Counts and he was sentenced to just under 85 years in prison.

On the heels of a 2019 Supreme Court decision, Camacho filed a successive 28 U.S.C. § 2255 motion in which he sought to vacate three of his ten convictions. The district court granted the motion in part and denied it in part, vacating two of the convictions but upholding the third. Camacho was resentenced, and the district court imposed a reduced term of just under 45 years in prison. He then filed two appeals, which we consolidated. First, he challenges the district court's partial denial of his 28 U.S.C. § 2255(a) motion. Second, he argues that the district court erred when it failed to apply Section 403 of the First Step Act at resentencing. We affirm.

## I

We begin with Camacho's 28 U.S.C. § 2255 motion, in which he contends that his conviction for the use of a firearm during a crime of violence is unconstitutional. *See* 18 U.S.C. § 924(c). We disagree.[1]

Section 924(c) imposes stiff penalties for anyone who uses a firearm in connection with a "crime of violence." It defines a "crime of violence" as either: (1) a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another," or (2) a felony "that by its nature, involves a substantial risk that physical force against the

---

[1] "In a Section 2255 proceeding, we review legal issues *de novo* and factual findings under a clear error standard." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam) (quotation omitted).

person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). But the Supreme Court recently held that the latter of those two definitions—the so-called "residual" clause—is unconstitutionally vague. *United States v. Davis*, 139 S. Ct. 2319, 2324 (2019). That is the basis of Camacho's § 2255 motion.

The conviction that Camacho challenges contained two predicate crimes (*i.e.*, two crimes of violence)—Hobbs Act extortion (Count 9) and carjacking (Count 10). Camacho argues that his conviction is unconstitutional, and should thus be vacated, because *Davis*'s vagueness holding renders Hobbs Act extortion no longer a crime of violence. And because the jury returned a general verdict, Camacho argues, it is impossible to determine whether the jury's verdict was founded on a valid basis.

But because Camacho did not argue in the district court or on direct appeal that his conviction was invalid due to vagueness, he has procedurally defaulted that claim. *See United States v. Diaz*, 248 F.3d 1065, 1083 (11th Cir. 2001) (summarizing Camacho's arguments on appeal); *see also Granda v. United States*, 990 F.3d 1272, 1285–86 (11th Cir. 2021). "[A] defendant generally must advance an available challenge to a criminal conviction on direct appeal or else the defendant is barred from raising that claim in a habeas proceeding." *Fordham v. United States*, 706 F.3d 1345, 1349 (11th Cir. 2013). Accordingly, he "cannot succeed on collateral review unless he can either (1) show cause to excuse the default *and*

actual prejudice from the claimed error, or (2) show that he is actually innocent." *Granda*, 990 F.3d at 1286.

To be sure, *Davis* "announced [a] new constitutional rule[]." *Id.* It is therefore conceivable that Camacho's vagueness claim was not "available" to him when he was convicted, excusing his default. *See Howard v. United States*, 374 F.3d 1068, 1072 (11th Cir. 2004) (explaining that a claim's "novelty" can "meet the cause requirement" to excuse a procedural default). But novelty will excuse a default only when "a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). And we've previously held—notwithstanding *Davis*'s "new" rule—that "the tools existed to challenge . . . [§ 924(c)'s] residual clause" on vagueness grounds even before *Davis* was decided. *Granda*, 990 F.3d at 1288. Consequently, Camacho cannot "show cause to excuse the default." *Id.* at 1286.

Neither can Camacho satisfy the "actual innocence" exception, which "is exceedingly narrow in scope as it concerns a petitioner's 'actual' innocence rather than his 'legal' innocence." *Lynn v. United States*, 365 F.3d 1225, 1235 n.18 (11th Cir. 2004) (per curiam) (quotation omitted). Simply put, there is no evidence to indicate that Camacho is actually innocent, nor does he argue as much.[2]

---

[2] Even if Camacho had not procedurally defaulted his claim, we would nonetheless affirm because any error was harmless. *See Granda*, 990 F.3d at 1292. Camacho concedes that the carjacking offense is a valid "crime of violence."

\* \* \*

Camacho has procedurally defaulted his § 2255 claim. Accordingly, we affirm the district court's denial.

## II

Next, Camacho argues that Section 403 of the First Step Act—which was passed in 2018 and, if applicable, would reduce the mandatory minimum sentence for his § 924(c) convictions—should apply.[3] Whether the First Step Act applies to a defendant whose initial sentence was imposed and became final *before* the Act's enactment, but whose prior sentence is vacated *after* enactment, is an open question in this Circuit. But because any error was harmless, we need not address it.[4]

A sentencing error is harmless if it does not "affect the district court's selection of the sentence imposed." *Williams v. United*

---

And the carjacked vehicle was taken in the course of the attempted Hobbs Act extortion. Thus, "[t]he inextricability of the alternative predicate crimes compels the conclusion that . . . instructing the jury on a constitutionally invalid predicate as one . . . alternative predicate[] . . . was harmless" error. *Id.*

[3] "We review questions of statutory interpretation *de novo*." *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).

[4] Camacho moved to stay appellate proceedings in this case pending the resolution of *United States v. Beneby*, No. 19-13387, and we carried Camacho's motion with the case. The *Beneby* panel heard oral argument on February 10, 2021 and will resolve a nearly identical question. But because we need not reach the question, we need not wait on *Beneby* to resolve it. Accordingly, we deny Camacho's stay motion.

*States*, 503 U.S. 193, 203 (1992).  Here, the district court stated that "even if" the First Step Act "did apply," it would have imposed the same sentence.  The district court first noted—even if the First Step Act applied—that it was within its discretion to impose up to life in prison.  In light of that discretion, and because of "the seriousness of the offenses"—which, the court observed, were "particularly egregious and depraved"—the court plainly stated that a lower statutory minimum would not have affected the sentence it imposed.  Thus, whether the First Step Act applies or not, "the district court has already told us that it would impose exactly the same sentence."  *United States v. Keene*, 470 F.3d 1347, 1350 (11th Cir. 2006).  Accordingly, any error was harmless.  *Id.*

★  ★  ★

We **AFFIRM** the district court's denial of Camacho's § 2255 motion.  We likewise **AFFIRM** the sentence that the court imposed.  We **DENY** Camacho's motion to stay appellate proceedings.