[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12707
Non-Argument Calendar

_____

D.C. Docket No. 9:07-cr-80041-KAM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DWYNE BYRON DERUISE,
a.k.a. Duke,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 14, 2020)

Before JILL PRYOR, GRANT and LUCK, Circuit Judges.

PER CURIAM:

Dwyne Deruise appeals the district court's determination that it had no authority under § 404 of the First Step Act of 2018, Pub. L. 115-391, 132 Stat. 5194 (the "First Step Act") to conduct a plenary sentencing hearing to consider whether Deruise still qualified as a career offender when granting him a reduction in his sentence under the First Step Act. Deruise argues that the First Step Act authorized district courts to conduct a full resentencing because nothing in the act limits what the court may consider in imposing a reduced sentence. After careful consideration, we affirm the district court's determination.

In 2007, a grand jury indicted Deruise on three counts of distributing cocaine and crack cocaine, in violation of 21 U.S.C. § 841(a)(1), 841(b)(1)(A), (B), (C) (Counts 1-3); two counts of manufacturing and possessing with intent to distribute at least 50 grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A), and 18 U.S.C. § 2 (Counts 4-5); and one count of carrying a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 6). Deruise pled guilty to Counts 5 and 6.

In calculating Deruise's guideline range using the 2006 Sentencing Guidelines, the Presentence Investigation Report ("PSR") calculated Deruise's total offense level as 34 and his criminal history category as VI. With a total offense level of 34 and a criminal history category of VI, the guideline range was 262 to 327 months' imprisonment. Because Deruise had two prior felony

2

convictions for battery on a law enforcement officer—predicate offenses that qualified as "crimes of violence"—he was eligible for the career-offender enhancement under § 4B1.1, which increased the guideline range to 322 to 387 months' imprisonment.  Both Count 5 and 6 carried statutory minimum terms of imprisonment, 10 years for Count 5 and five years to run consecutively for Count 6.

At Deruise's sentencing, the district court adopted the findings of fact and guideline calculations in the PSR.  The district court sentenced him to 204 months' imprisonment on Count 5, and a consecutive term of 60 months' imprisonment on Count 6, for a total term of 264 months' imprisonment, which represented a 58-month downward variance from the low end of the guideline range.  The district court also sentenced him to five years' supervised release on each count, to run concurrently.

In 2019, Deruise filed a motion for reduction of sentence under the First Step Act, arguing that he was eligible for a sentence reduction because his drug conviction in Count 5 was a covered offense.  In seeking a reduction of his sentence on Count 5, Deruise argued that the district court should conduct a full resentencing hearing, apply the law and guidelines in effect *now*, and, in light of *Johnson v. United States*, 559 U.S. 133 (2010), resentence him as if he were not a career offender.

The district court granted Deruise's motion for a reduction of his sentence under the First Step Act and, considering all of the facts of the case and the § 3353(a) factors, reduced his sentence on Count 5 to 168 months' imprisonment, to be followed by a consecutive 60-month sentence on Count 6, for a total sentence of 228 months' imprisonment.

After the district court's order granting the motion, Deruise filed an unopposed motion asking the district court to clarify whether in granting his motion to reduce his sentence the court continued to classify Deruise as a career offender.  In response, the district court issued an order stating that a motion to reduce sentence under the First Step Act does not authorize a full resentencing or a sentencing *de novo*, and, therefore, in granting Deruise's motion to reduce his sentence, the court continued to treat him as a career offender.  This appeal followed.

We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act.  *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020).  Where the request poses a legal question, however, our review is *de novo*.  *United States v. Pringle*, 350 F.3d 1172, 1178-79 (11th Cir. 2003).  We review *de novo* the district court's statutory interpretation, a legal issue.  *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009).

On appeal, Deruise argues that the district court erred in concluding that it had no authority under the First Step Act to conduct a *de novo* resentencing and therefore could not consider whether Deruise still qualified as a career offender. Deruise argues that the First Step Act authorized district courts to conduct a full resentencing because nothing in the act limits what the court may consider in imposing a reduced sentence, and where a statute places no restrictions on the factors a court may consider in imposing a reduced sentence, the court may consider all relevant § 3553(a) factors. Deruise further argues that because *Johnson* called into question whether Florida battery on a law enforcement officer, which was one of his predicate offenses, was a crime of violence, the court should consider that change in law when reducing a sentence under the First Step Act.

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between offenses involving crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the "Fair Sentencing Act"); *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory

5

minimum from 50 grams to 280 grams and the quantity necessary to trigger a five-year mandatory minimum from five grams to 28 grams.  Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii).  These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act.  *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the Fair Sentencing Act's statutory penalties for covered offenses.  *See* First Step Act § 404.  Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."  *Id*. § 404(b).  The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010."  *Id.* § 404(a).

In *United States v. Denson*, we held that "the First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing."  963 F.3d 1080, 1089 (11th Cir. 2020).  When ruling on a defendant's First Step Act motion, a district court is permitted to reduce a defendant's sentence "only on a 'covered offense,' and only 'as if' sections 2 and 3 of the Fair Sentencing Act were

in effect when he committed the covered offense." *Id.* The district court "is not free to change the defendant's original guidelines calculations that are unaffected by sections 2 and 3 [or] to reduce the defendant's sentence on the covered offense based on changes in the law beyond those mandated by sections 2 and 3." *Id.* Accordingly, the district court did not err in concluding that it lacked the authority to conduct a *de novo* resentencing under the First Step Act to consider Deruise's career-offender status under current law.

**AFFIRMED.**