[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-10660
Non-Argument Calendar

_____

D.C. Docket No. 1:03-cr-00684-TWT-AJB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CORRY THOMPSON,
a.k.a. Larry Scott,
a.k.a. Corey Thompson,
a.k.a. Bobby Cook,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 17, 2021)

Before WILSON, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Corry Thompson appeals the district court's order reducing his sentence. The district court reduced Thompson's sentence on counts for crack cocaine offenses pursuant to § 404 of the First Step Act,[1] but found that it lacked authority to reduce the sentence on his 18 U.S.C. § 924(c) counts.[2] Thompson timely appealed. Because we agree that the district court had no authority to reduce Thompson's § 924(c) sentence, we affirm.

Thompson was found guilty of several drug and firearm convictions on April 25, 2005. He was sentenced to a term of life imprisonment, plus a 360-month consecutive sentence for his violation of § 924(c). On October 22, 2019, Thompson filed a motion for a reduced sentence under § 404 of the First Step Act. He requested a "full sentencing hearing" and argued that the "sentencing package doctrine" required the court to reassess his sentence on all counts and apply the law as it stands today. The government agreed that Thompson was eligible for relief under § 404 of the First Step Act, but otherwise disagreed with Thompson's arguments. Accordingly, the district court granted Thompson's motion and reduced his sentence for the drug counts from life to 180 months, consecutive to the 360 months for the two § 924(c) counts.

---

[1] First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act).

[2] 18 U.S.C. § 924(c)(1)(A) prohibits the use or carrying of a firearm "during and in relation to any crime of violence or drug trafficking crime," or in furtherance of such a crime.

2

Thompson concedes that § 403 of the First Step Act does not apply retroactively. Yet he alleges that the court imposed a new sentence when it granted him relief under § 404. Thus, the court was permitted to apply the law as it currently stands—specifically § 403 of the First Step Act which reduced the enhanced penalty on § 924(c) convictions.

## I.

We review for abuse of discretion a district court's ruling on an eligible movant's request for a reduced sentence under the First Step Act. *United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020). But where the issue presented involves a legal question, our review is de novo. *United States v. Pringle*, 350 F.3d 1172, 1178–79 (11th Cir. 2003). We also review de novo questions of statutory interpretation. *United States v. Segarra*, 582 F.3d 1269, 1271 (11th Cir. 2009) (per curiam).

The Fair Sentencing Act, enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act); *see Dorsey v. United States*, 567 U.S. 260, 268–70 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based

differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); *see also* 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012) (per curiam).

In 2018, Congress enacted the First Step Act, which made the statutory penalties enacted under the Fair Sentencing Act retroactive for covered offenses. *See* First Step Act, § 404. Under § 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). Only "crack-cocaine offenses for which [21 U.S.C.] sections 841(b)(1)(A)(iii) and (B)(iii) provide the penalties" qualify as "covered offenses." *Jones*, 962 F.3d at 1300–01. The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." First Step Act, § 404(c).

Prior to the First Step Act, 18 U.S.C. § 924(c) contained a "stacking" provision where, in the case of a second or subsequent conviction under § 924(c), a defendant was to be "sentenced to a term of imprisonment of not less than 25 years." 18 U.S.C. § 924(c)(1)(C)(i). Section 403(a) of the First Step Act amended this language so that the 25-year mandatory minimum on a second § 924(c) violation only applies if the first § 924(c) conviction has become final. First Step Act § 403(a). But § 403(b) explained that the amendments only apply "if a sentence for the offense has not been imposed as of [the] date of enactment" of the First Step Act: December 21, 2018. *Id.* § 403(b).

## II.

Thompson received a discretionary reduction; he was not entitled to a de novo resentencing. We held in *United States v. Denson* that there are limited situations in which a district court can modify a sentence under the First Step Act. 963 F.3d 1080, 1089 (11th Cir. 2020). Specifically, a district court can only reduce a defendant's sentence for a "covered offense." *Id.* Moreover, the First Step Act does *not* authorize a district court to conduct a plenary or de novo resentencing where it could: (1) reconsider sentencing guideline calculations unaffected by Sections 2 and 3 of the Fair Sentencing Act; (2) reduce the defendant's sentence "based on changes in the law beyond those mandated by sections 2 and 3;" or (3) "change the defendant's sentence on counts that are not 'covered offenses.'" *Id.*

5

Accordingly, a full resentencing was not authorized here. And because the plain language of § 403 of the First Step Act prohibits retroactive application, the district court did not err when it determined that it lacked the authority to reduce Thompson's sentence on his § 924(c) conviction.

Furthermore, the sentencing package doctrine does not apply. The doctrine is a judicial practice that permits a district court to resentence a defendant on all counts of conviction where: (1) the defendant was sentenced on multiple counts, such that the overall sentence is a package of interrelated sanctions for all of the offenses; (2) one of the defendant's convictions is subsequently vacated; and (3) the district court needs to "reconstruct the sentence package" so that that the overall sentence comports with the Sentencing Guidelines, the § 3553(a) factors, and the court's opinion of a proper sentence for the remaining convictions. *See United States v. Fowler*, 749 F.3d 1010, 1015–16 (11th Cir. 2014). Here, the sentences were not so intertwined—the § 924(c) sentence was based on a statutory requirement. Therefore the package theory is not applicable. Accordingly, we affirm the district court's determination.

**AFFIRMED.**